WHITE STUDIO, INC., Appellant, *v.* ALEXANDER W. DREYFOOS et al., Doing Business under the Firm Name of APEDA STUDIO, Respondents.

Unfair competition in trade — photographer may maintain action to restrain competitor from selling reproductions of plaintiff's original photographs, using plaintiff's name thereon.

1. Unfair competition in trade or business may result from representations or conduct which deceive the public into believing that the business name, reputation or good will of one person is that of another.

2. An action to restrain unfair competition may be maintained by a photographer to restrain the sale by a competitor of reproductions of plaintiff's original photographs of stage scenes and characters representing them to be the originals made by the plaintiff, using the plaintiff's trade name thereon.

*White Studio* v. *Dreyfoos*, 160 App. Div. 885, reversed.

(Argued April 27, 1917; decided May 22, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 1, 1914, affirming a judgment in favor of defendants entered upon an order of the court at Special Term granting a motion by defendants for judgment on the pleadings.

The nature of the action and the facts, so far as material, are stated in the opinion.

*I. Maurice Wormser* and *Leon Laski* for appellant. The complaint sets forth a perfectly sound cause of action within the elastic jurisdiction of a court of equity.

Plaintiff's trade name and business reputation should be protected and the defendants should be restrained from their unfair and deceitful conduct. Defendants are selling broadcast reproductions of photographs taken by plaintiff and are leaving thereon plaintiff's trade name, " White," thus deceiving the public, or in some instances removing plaintiff's trade name " White " therefrom and substituting their own trade name, " Apeda." This course of conduct may be prevented by the plastic remedies of chancery. (*Croft* v. *Day*, 7 Beav. 84; *Meneely* v. *Meneely*, 62 N. Y. 427; *Order of Elks* v. *Order of Elks of the World*, 205 N. Y. 459; *Society of the War of 1812* v. *Society of the War of 1812 in the State of New York*, 46 App. Div. 568; 62 N. Y. Supp. 355; *Salvation Army in United States* v. *American Salvation Army*, 135 App. Div. 268; 141 App. Div. 931; Clark on Corporations [3d ed.], 79, 80; *Borthwick* v. *Evening Post*, L. R. [37 Ch. Div.] 449; *Gulden* v. *Chance*, 182 Fed. Rep. 303; *Dennison Mfg. Co.* v. *Thomas Mfg. Co.*, 94 Fed. Rep. 651; *Maintowac Malting Co.* v. *Milwaukee Malting Co.*, 119 Wis. 543; *Burrow* v. *Marceau*, 124 App. Div. 665.) Beyond the purview of copyright there is a source of equitable remedy resting on general and fundamental principles of equity, and there is a right in cases of this sort to obtain equitable relief from the transgressor on the ground of unfair trade and improper competition without any reference at all to the law of copyright. (*Merriam Co.* v. *Straus*, 136 Fed. Rep. 477; Nims on Unfair Business Competition [1909], 195; *Chancellor of Oxford Univ.* v. *Wilmore-Andrews Pub. Co.*, 101 Fed. Rep. 443; *Ogilvie* v. *Merriam Co.*, 149 Fed. Rep. 858; *Weinstock* v. *Marks*, 109 Cal. 529; Burdick on Torts [1st ed.], 391, 392.)

*W. N. Seligsberg* and *Clarence M. Lewis* for respondents. The complaint does not state any cause of action at law or in equity. (*Roberson* v. *Rochester Folding Box Co.*, 171 N. Y. 538; *Corliss* v. *Walker Co.*, 64 Fed.

Rep. 280; *Elgin Nat. Watch Co.* v. *Illinois Watch Case Co.*, 179 U. S. 665; *Columbia Mill Co.* v. *Alcorn*, 150 U. S. 460; *Manufacturing Co.* v. *Trainer*, 101 U. S. 51; *Clemens* v. *Belford, Clark & Co.*, 14 Fed. Rep. 728; *Atlas Mfg. Co.* v. *Street & Smith*, 204 Fed. Rep. 398; *Munn & Co.* v. *Americana Co.*, 91 Atl. Rep. 87; *Heine* v. *Appleton*, 4 Blatchf. 125; *Donaldson* v. *Wright*, 7 App. Cas. [Dist. Col.] 45; *Dielman* v. *White*, 102 Fed. Rep. 892.)

CRANE, J. This action is brought to restrain unfair competition, and the Appellate Division has decided that the complaint does not state a cause of action.

We agree with the Appellate Division that so much of the complaint as alleges that the defendants reproduced photographs of individuals taken by the plaintiff, placing thereon the name of " Apeda, New York," does not state a cause of action.

The complaint, however, further alleges that the plaintiff took photographs of stage scenes and characters, known in the theatrical profession as " flash lights " and affixed thereto its trade name " White; " that such pictures are used in the lobbies of theatres and elsewhere for exhibition where the play is being presented. It further alleges that the defendants, intending to deceive the public into believing that they were the original takers and makers of said flash light photographs, reproduced them, placing thereon the name " White, New York," and that the defendants thereby intended to and actually did deceive the public into the belief that they were purchasing the original flash light photographs made by the plaintiff, when, in fact, the photographs were reproductions made by the defendants, and that such acts were unfair competition injuring the plaintiff.

The defendants have no right to sell reproduced photographs of stage plays, representing them to be the originals made by the plaintiff, using the plaintiff's name thereon.

" The doctrine of unfair trade amounts to no more than this: One person has no right to sell goods as the goods of another, *nor to do other business as the business of another*, and on proper showing will be restrained from so doing." (*Dyment* v. *Lewis*, 144 Iowa, 509, 513; 38 Cyc. 756; *Ball* v. *Broadway Bazaar*, 194 N.Y. 429, 435; *Munro* v. *Tousey*, 129 N. Y. 38; *Benevolent & Protective Order of Elks* v. *Improved B. & P. Order of Elks*, 205 N. Y. 459; *Weinstock* v. *Marks*, 109 Cal. 529; *Gulden* v. *Chance*, 182 Fed. Rep. 303.)

Unfair competition may result from representations or conduct which deceive the public into believing that the business name, reputation or good will of one person is that of another. (*Glen & Hall Mfg. Co.* v. *Hall*, 61 N. Y. 226; *Howard* v. *Henriques*, 3 Sandf. 725; *Lee* v. *Haley*, L. R. [5 Ch. App.] 155; *Holbrook* v. *Nesbitt*, 163 Mass. 120, 125; *American Tobacco Co.* v. *Polacsek*, 170 Fed. Rep. 117.)

As to these allegations the complaint states a good cause of action.

The judgment should be reversed and the motion denied, with costs to the appellant in all courts.

HISCOCK, Ch. J., CHASE, HOGAN and ANDREWS, JJ., concur; CARDOZO and McLAUGHLIN, JJ., not sitting.

Judgment reversed, etc.