**780**   BUFFALO TAXI SERVICE & SIGHT SEEING CO., INC., *v.* HOWELL.

Supreme Court, October, 1925.                    [Vol. 125

BUFFALO TAXI SERVICE AND SIGHT SEEING CO., INC., Plaintiff, *v.* WILLIAM HOWELL and Another, Defendants.

Supreme Court, Erie County, October 19, 1925.

Trade-marks and trade names — unfair competition — action for injunction restraining defendants from injuring plaintiff's business by operation of taxicabs similar in construction and design — evidence shows that after plaintiff put its taxicabs in operation defendants caused their cabs to be painted and lettered in similar manner — plaintiff is entitled to injunctive relief where defendants deceived public by illegally trading on plaintiff's good will.

Plaintiff, a taxicab corporation operating a general type of taxicabs in the city of Buffalo, is entitled to an injunction restraining the defendants from injuring plaintiff's business by the operation of taxicabs similar in construction and design where it appears that shortly after plaintiff placed its vehicles, distinctly designed and decorated, in Buffalo, said defendants, with the apparent intention of deceiving the public by illegally trading on plaintiff's good will, proceeded to operate taxicabs painted and lettered in a manner similar to plaintiff's.

SUIT by the plaintiff, a domestic corporation, operating taxicabs in and about the city of Buffalo and vicinity, for equitable relief from an alleged attempt upon the part of the defendants to illegally injure the plaintiff in the conduct and good will of its business by the use of taxicabs so similar in construction and design to those operated by plaintiff as to deceive the public.

*Wilbur B. Grandison* [*Philip A. Laing* of counsel], for the plaintiff.

*Sullivan & Darlich* [*Franklin R. Brown* of counsel], for the defendants.

HINKLEY, J.:

The plaintiff, in the spring of 1922, commenced the use of a small number of taxicabs manufactured by the Yellow Cab Manufacturing Company of Chicago, Ill., which number has increased to over fifty. The cabs manufactured by the Yellow Cab Manufacturing Company of Chicago are of a distinctive design, not only of construction but of decoration. Although the Chicago Company will, upon special order, paint its taxicabs a different color, yet its general design is a yellow body, black fenders, yellow wheels and black top. There is no claim that the Chicago Company has a copyright of decorative design, nor that the plaintiff has any exclusive right of purchase, for use in the vicinity of Buffalo, of that make or design of taxicabs. There is sufficient evidence to establish that after the plaintiff commenced the use of that general type of taxicab, with a yellow painted body and wheels and black

top and fenders, the defendants caused their taxicabs to be painted in a similar manner. The plaintiff's taxicabs are lettered on the back " lowest rate " and defendants' were likewise so printed. Plaintiff's door panels were painted " yellow cab," and defendants' painted " meter rate." Plaintiff solicited business by its chauffeurs calling out " yellow cab " and defendants solicited business by the same call.

There is sufficient evidence to establish that plaintiff has acquired and still maintains a good reputation and an extensive, growing business; that its business is constantly increasing, due in a great measure to a realization of the expressed desire of the plaintiff to extend to its patrons the best service at its command. Neither defendant appeared in person upon the trial to deny the claim of the plaintiff. The court is convinced that the defendants have deceived the public by illegally trading upon the good will of the plaintiff, by pretending that their taxicabs are a part of the plaintiff's equipment.

" ' The doctrine of unfair trade amounts to no more than this: One person has no right to sell goods as the goods of another, nor to do other business as the business of another, and on proper showing will be restrained from so doing.'    *    *    *

" Unfair competition may result from representations or conduct which deceive the public into believing that the business name, reputation or good will of one person is that of another." (*White Studio* v. *Dreyfoos*, 221 N. Y. 46, 49.)

Other cases involving the use of so-called yellow cabs have arisen in this State and elsewhere, but they are not necessarily controlling in this case, because each case must stand primarily upon its own state of facts, particularly when seeking equitable injunctive relief.

The determination of this case is based upon convincing proof of the wrongful intent of these defendants to so imitate the plaintiff's taxicabs as to deceive the public for an illegal and improper purpose to the detriment of the plaintiff. It is fundamental that the plaintiff has not the exclusive right to the use of the cardinal color " yellow " upon the body and wheels of its taxicabs. The color yellow is a feature which quickly distinguishes the public from the private car. The plaintiff has no right to arrogate to itself the use of black fenders and top which have grown to be standard equipment for most cars. The plaintiff could not have a monopoly of the use of the words " lowest rate " upon the rear of its cabs, for that advertisement is not subject to copyright. Plaintiff could not prevent other corporations or individuals from lettering the panels upon the doors of their taxicabs, even though

the lettering might be similar to that of plaintiff. Nor can the plaintiff prevent the barkers of other companies and individuals from making life miserable for the traveling public by calling out " yellow taxi " at railroad stations, theatres and other public places, for that call has not the slightest semblance to the corporate name of the plaintiff.

On the other hand, the court has determined that these defendants did all of these otherwise innocent and legal acts in imitation of and with intent to and did injure the plaintiff in the proper conduct of the latter's business. It, therefore, becomes necessary to restrain the defendants from so acting. Too much emphasis cannot be laid upon the fact that this case presents its own peculiar facts and is limited to the parties hereto, lest the court's decision be employed to stifle competition in the interest of a successful corporation to the detriment of the weaker individual, honest-minded taxi driver, whose rights are equally sacred.

Plaintiff is entitled to injunctive relief from the acts complained of against defendants, with costs.