KAYLON, INC., Respondent, v. COLLEGIATE MANUFACTURING CO., INC., Appellant.

First Department, October 25, 1938.

*Lawrence Kovalsky* of counsel [*Joseph W. Ferris* with him on the brief; *Goldstein & Goldstein*, attorneys], for the appellant.

*Charles Sonnenreich*, for the respondent.

COHN, J.  Defendant has been restrained by injunction granted *pendente lite* from manufacturing, exhibiting and selling pajamas imitating the appearance of pajamas manufactured and sold by plaintiff under its trade-marks " Tommies " and " Jeer Backets."

Plaintiff obtained registration of the trade-mark " Tommies " from the United States Patent Office on June 16, 1936, for ladies' pajamas.  In the fall of 1937 it adopted the name " Jeer Backets " to identify a particular type of ladies' pajama manufactured by it.  This pajama set was made of printed percale cloth with witty sayings imprinted all over the garment.  The cut of the pajama was the man-tailored type with colored piping, buttons and fringe on the sash.  It is the design of this pajama which defendant has copied.  It does not appear that the name " Jeer Backets " was registered as a trade-mark.

Plaintiff concedes that it has no design patent for this type of pajama and it makes no claim that defendant has appropriated or simulated its trade-mark or any of its labels.  Moreover, there is no showing that the pajama manufactured by plaintiff has acquired any secondary meaning in the sense that the public desiring to purchase this style of garment seeks one made only by plaintiff.  The record before us does not establish that the consuming public have come to recognize the pajama fashioned by the plaintiff as its product or that it was interested in, or knew who manufactured it.

Since plaintiff has placed the pajamas upon the market without securing the protection of the patent laws, it thereby published the design of the pajamas and no longer has any exclusive property therein.  (*Tabor* v. *Hoffman*, 118 N. Y. 30, 35.)  In the absence of a showing of unfair competition, such as an attempt by defendant to mislead or deceive the public or to " palm off " its product as the plaintiff's, equity will not aid plaintiff by restraining another from copying and selling the article in question.  (*Montegut* v. *Hickson, Inc.*, 178 App. Div. 94; *Boyshform Brassiere Co., Inc.*, v. *Modishform B. Co., Inc.*, 205 id. 14; *Margolis* v. *National Bellas Hess Co., Inc.*, 139 Misc. 738; affd., 235 App. Div. 839; Nims on Unfair Competition and Trade-Marks [3d ed.], p. 110.)

While plaintiff, in its moving affidavits, alleges that its product has acquired a secondary meaning and that defendant has attempted to have the purchasing public believe that defendant's garment was plaintiff's, no adequate proof to justify such assertions is presented.  At the trial plaintiff may establish its claim to the injunctive relief prayed for in its complaint but on the papers submitted it has not shown a clear legal right to the preliminary relief granted.  In such circumstances a temporary injunction should not have been allowed.  (*Elk Street Market Corp.* v. *Rothenberg*, 233 App. Div. 243; *Moran* v. *Lasette*, 221 id. 118, 121.)

The order granting the temporary injunction should be reversed, with twenty dollars costs and disbursements, the motion denied, and the cause set down for trial on the Day Calendar at Special Term for November 14, 1938.

MARTIN, P. J., O'MALLEY, GLENNON and UNTERMYER, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied, and the cause set down for trial on the Day Calendar at Special Term for November 14, 1938.