PRESS-ON, INC., Respondent, *v.* JACOB O. GOODMAN, Individually and Doing Business as MENDAIRE PRODUCTS MANUFACTURING CO., Appellant.

Argued April 19, 1944; decided May 25, 1944.

*Morris Akner* and *Benjamin Koenig* for appellant. The findings made by the Appellate Division, which were adopted from findings made by Special Term, do not support the conclusion reached by the Appellate Division in granting plaintiff an injunction. (*Beatty* v. *Guggenheim Exploration Co.*, 223 N. Y. 294;

*Baker* v. *Order of Hibernians*, 224 N. Y. 363; *McDougall* v. *Shoemaker*, 236 N. Y. 127; *Neva-Wet Corp.* v. *Never-Wet Processing Corp.*, 277 N. Y. 163; *Pocket Books, Inc.*, v. *Meyers*, 292 N. Y. 59; *Kellogg Co.* v. *Nat. Biscuit Co.*, 305 U. S. 111; *Saxlehner* v. *Wagner*, 216 U. S. 375; *Gum* v. *Gumakers of America*, 136 F. 2d 957; *Cooke & Cobb Co.* v. *Miller*, 169 N. Y. 475.)

*Menahem Stim, Samuel Randel* and *Murray W. Greif* for respondent. I. Defendant's acts constituted unfair competition and warranted the granting of injunctive relief to plaintiff. (*Ken-Tool Mfg. Co.* v. *Red Patch & Reliner Co.*, 41 N. Y. S. 2d 78; *Day* v. *Webster*, 23 App. Div. 601; *International News Serv.* v. *Asso. Press*, 248 U. S. 215; *Walley, Inc.*, v. *Saks & Co.*, 266 App. Div. 193; *Bard-Parker Co., Inc.* v. *Crescent Manufacturing Co.*, 174 Misc. 356.) II. Plaintiff possessed a common-law copyright as to its labels, instructions and slogans. Defendant's violation thereof warranted the injunctive relief granted to plaintiff. (*Keene* v. *Wheatley*, 14 Fed. Cas. No. 7644; *Woolsey* v. *Judd, Duer*, 379, 11 How. Prac. 49; *Taft* v. *Smith Gray & Co.*, 76 Misc. 283; *Alberts* v. *Remington Rand, Inc.*, 175 Misc. 486; *Ketcham* v. *New York World's Fair 1939*, 34 F. Supp. 657; *Healey* v. *Macy & Co., Inc.*, 251 App. Div. 440, 277 N. Y. 681; *Palmer* v. *De Witt*, 47 N. Y. 532; *New Era Electric Range Co.* v. *Serrell*, 252 N. Y. 107; *Tabor* v. *Hoffman*, 118 N. Y. 30; *Casino Productions, Inc.*, v. *Vitaphone Corp.*, 163 Misc. 403; *Hewitt* v. *Coward*, 49 N. Y. S. 2d 498; *Fendler* v. *Morosco*, 253 N. Y. 281; *Wilkie* v. *Santly Bros.*, 91 F. 2d 978, 13 F. Supp. 136; *Santly Bros.* v. *Wilkie*, 302 U. S. 735; *Wilkie* v. *Santly Bros.*, 94 F. 2d 1023; *Jewelers' Mer. Agency* v. *Jewelers' Pub. Co.*, 155 N Y. 241; *Kiernan* v. *Manhattan Quotation Telegraph Co.*, 50 How. Pr. 194; *Associated Press* v. *International News Service*, 245 F. 244.) III. The decision of the Appellate Division substantially complies with section 602 *et seq.*, of the Civil Practice Act.

*Per Curiam.* As this case comes to us, there is in it neither proof nor finding of any palming off, substitution, deception, simulation of package or trademark, misappropriation of literary property, illegal use of trade slogans, or of any other wrongdoing of a kind which is actionable as amounting to " unfair competition ".

The judgment of the Appellate Division should be reversed and that of Special Term affirmed, with costs in this court and in the Appellate Division. (See 293 N. Y. 748.)

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur; RIPPEY, J., taking no part.

Judgment accordingly.