JOSEPH CHORBAJIAN et al., Doing Business as HOLLYWOOD MFG. Co., Plaintiffs, *v.* BERT STEINBERG et al., Individually and as Copartners Trading as B. STEINBERG & Co., et al., Defendants.

Supreme Court, Special Term, New York County, November 30, 1949.

*Saul S. Brin* and *Max Shlivek* for plaintiffs.

*Maxwell E. Sparro* and *Louis Levine* for B. Steinberg & Co., defendant.

*Mock & Blum* for Coro, Inc., defendant.

COHALAN, J. The plaintiff manufactures low-priced costume jewelry, sold in the main to department and specialty stores. The defendant Steinberg in this instance manufactured a cheaper product, similar in many respects to that of plaintiff and claimed by plaintiff to be illegally and unfairly copied. The defendant Coro, Inc., is a jobber, who bought from Steinberg, admittedly without knowledge of plaintiff's present claim.

Plaintiff conceeds that his product is not copyrighted or trade-marked. He claims that independent of such laws he is entitled to an injunction as defendants are acting illegally and unfairly and that they are tort-feasors.

This contention is not established factually and is not in consonance with controlling law.

The articles not being copyrighted or trade-marked are in the public domain and may be copied whether original or not (*Miss Susan, Inc., v. Enterprise & Century Undergarment Co.,* 270 App. Div. 747) subject to the proviso, that the public must not be misled to their detriment by any device or representation tending to establish a belief that it is buying the plaintiff's superior product when in reality obtaining defendant's less valuable article. This subject was considered recently by the Court of Appeals in *Press-On, Inc.,* v. *Goodman* (293 N. Y. 36, 38). The ruling was that there must be " palming off, substitution, deception, simulation of package or trademark * * *."

Here neither product bears on its reverse side any name, mark or other indication to the public as to its authorship. There is no package, no deception and no proof that any substitution is attempted. There is no evidence that any member of the buying public was deceived or is apt to be.

It is unfortunate that persons engaged in the same line of industry speedily avail themselves of all good ideas submitted to the public therein, but under our laws such results may obtain.

There is no proof justifying the defendant's counterclaim.

Judgment for defendants dismissing complaint.

Judgment for plaintiff dismissing counterclaim.