### SWANK, Inc. v. ANSON, Inc.
### No. 4618.

United States Court of Appeals
First Circuit.

May 5, 1952.

John Vaughan Groner, New York City (Herbert B. Barlow and Matthew W. Goring, both of Providence, R. I., James D. Bock and Fish, Richardson & Neave, all of New York City, and Hinckley, Allen, Salisbury & Parsons, Providence, R. I., with him on the brief), for appellants.

Santi J. Paul, Providence, R. I. (Alfred E. Motta, Providence, R. I., with him on the brief), for appellee.

Before MAGRUDER, Chief Judge, WOODBURY, Circuit Judge, and FORD, District Judge.

WOODBURY, Circuit Judge.

This is an appeal from a final judgment for the defendant entered after a trial without a jury in a suit brought solely for unfair competition. The plaintiff-appellant, Swank, Inc., is a Delaware corporation having its principal place of business in Attleboro, Massachusetts; the defendant-appellee is a Rhode Island corporation having its principal place of business in Providence in that state, and there can be no doubt whatever that well over $3,000, exclusive of interest and costs, is involved in the litigation. Federal jurisdiction based on diversity of citizenship and amount in controversy under Title 28 U.S.C. § 1332(a)(1) is therefore abundantly established. Our appellate jurisdiction under Title 28 U.S.C. § 1291 is obvious.

The plaintiff and the defendant are sharp competitors in the highly competitive men's jewelry business. The court below found that the defendant had manufactured and sold "copies which were quite close" to several items designed, manufactured, sold and extensively advertised by the plaintiff, as to which, however, the plaintiff neither had nor claimed any monopoly rights. But the court said it was not convinced by the plaintiff's evidence either that its goods had acquired a secondary meaning, or that the defendant had been guilty of palming off its goods for those of the plaintiff. As its ultimate factual conclusions the District Court said:

"The facts in this case do not warrant a finding of confusion or of palming off. The copying was of products in which the plaintiff claims and has no monopoly rights. I find that such copying, in the circumstances here, is not unfair competition.

"The defendant has prominently marked its products so that the ordinary purchaser would not be deceived under ordinary conditions. It has clearly informed the public of the source of its products by the use of its trade name 'Anson.' No trade-mark or patent is involved and the defendant is not responsible on the facts here for isolated instances where a dishonest dealer's conduct might amount to palming off."

On this appeal the appellant does not challenge the finding that it had failed to establish a secondary meaning for its goods. And, of course, it does not question the finding of the defendant-appellee's copying. Its basic contention here is that the findings

of ultimate fact quoted above rest upon a misconception by the court below of the applicable rule of law. It says in substance that the District Court accorded undue, if not controlling, significance to the plaintiff's frank recognition at the trial that since the articles of jewelry involved herein were not patented it made no claim of monopoly rights therein, and to the plaintiff's further recognition, as a corollary to the above, that the defendant's copying, without more, did not amount to actionable unfair competition. This, it is said, led the court to ignore, or at least to accord far too little significance to, the plaintiff's evidence that the defendant intended to palm off its goods on the public as those of the plaintiff, which evidence, it is argued, is highly persuasive in itself and firmly buttressed by the "wilfully inaccurate" testimony of the defendant's president. We find no merit in the contention.

■■ It is conceded that the applicable rules of local and federal law are alike, and it is also conceded, as it must be, that the fully established rule is that absent a monopoly right, such as is conferred by ownership of a valid patent or trademark, one has the right to copy a competitor's product, even if by so doing he reaps an advantage from his competitor's advertising, provided he does not deceive the public by passing off his product as that of his competitor. See the leading case of Kellogg Co. v. National Biscuit Co., 1938, 305 U.S. 111, 59 S.Ct. 109, 83 L.Ed. 73. It is evident to us, however, from the District Court's memorandum opinion that it was fully aware of the above principle of law and carefully applied it. That is to say, we think it clear that the court below did not regard the plaintiff's case as by any means concluded, either legally or in effect, by its recognition of the fact that it neither claimed nor had any monopoly rights in the articles involved. We say this for the court not only cited the above leading case, and many others of like tenor, but also made specific findings in the

second paragraph quoted above that the defendant had "prominently marked" its products so that ordinary purchasers would not be deceived, and in addition had "clearly informed the public of the source of its products by the use of its trade name 'Anson'." Moreover, we do not think that the court accorded too little significance to the inconsistencies in the testimony of the defendant's president which seems to us hardly to warrant the characterization of "wilfull inaccuracies."

Nor can we say that the somewhat vague and unconvincing testimony that some dealers on occasion had sold Anson products to shoppers hired by the plaintiff when they asked for Swank ones warrants discussion of the charge of "contributory unfair competition" leveled by the plaintiff. See Zangerle & Peterson Co. v. Venice, etc., Co., 7 Cir., 1943, 133 F.2d 266, 269. The reason for this is that there is no evidence of any widespread practice on the part of dealers to palm off Anson items when asked for Swank products. At the most all that appears is that a few dealers had occasionally done so, and perhaps then more by accident than design. And there is no evidence that the defendant ever instructed, urged, or even suggested that its dealers sell its products in substitution for the plaintiff's, as appeared in William R. Warner & Co. v. Eli Lilly & Co., 1924, 265 U.S. 526, 44 S.Ct. 615, 68 L.Ed. 1161.

■ Thus the case really comes down to one in which the only possible question is whether the findings made below are "clearly erroneous" within the meaning of Rule 52(a) F.R.C.P., 28 U.S.C., and as to this there is too little doubt to warrant extended discussion. It will suffice to say that a careful consideration of the record leaves so little doubt in our minds as to the adequacy of the evidence to support the findings made by the court below that a detailed discussion of the facts would serve no useful purpose.

The judgment of the District Court is affirmed.