HERZMAN SCARFS, INC., Plaintiff, *v.* BAAR & BEARDS, INC., Defendant.

Supreme Court, Special Term, New York County, December 3, 1952.

*Maurice Abrams, Robert D. Spille* and *Harold L. Stults* for plaintiff.

*Harry J. Halperin* and *John S. Dorf* for defendant.

MATTHEW M. LEVY, J. Motion for injunction *pendente lite* is denied. Plaintiff seeks to restrain defendant from committing alleged acts of unfair competition. The defendant, a competitor of plaintiff, has recently commenced to import from Japan and sell scarfs which are very similar in shape and design to plaintiff's Japanese imported ballerina type design scarfs. Plaintiff's scarfs bear a single label, " Carol Stanley ", and defendant's scarfs bear both a label identifying them as "Top Hit " fashions and also a black tag bearing in gold letters the words "Top Hit ". Plaintiff makes no claim that it has a design patent for its scarfs nor does it claim that defendant has appropriated or simulated its trade name, trade-mark or label.

Neither the courts of this State nor the Federal courts are disposed to grant a monopoly to anyone without benefit of patent (*Tabor* v. *Hoffman,* 118 N. Y. 30; *Swank, Inc.,* v. *Anson, Inc.,* 196 F. 2d 330; *Mavco, Inc.,* v. *Hampden Sales Assn.,* 273 App. Div. 297). There seems to be nothing unlawful in copying an unpatented article or design by another, provided the public is not deceived thereby into buying the article of the defendant in the belief that it is the article of that other (*Kaylon, Inc.,* v. *Collegiate Mfg. Co.,* 255 App. Div. 209; *Mavco, Inc.,* v. *Hampden Sales Assn., supra*; *Kellogg Co.* v. *National Biscuit Co.,* 305 U. S. 111).

An injunction would not be proper here — since plaintiff has no patent — unless plaintiff showed that a secondary meaning had attached to its design, or that there is (or there is a likelihood of) confusion, so that purchasers of defendant's scarfs would believe that they came from the same source as plaintiff's. " To establish a secondary meaning it is necessary to show (1) that the design is a mark of distinction identifying its source and (2) that purchasers are moved to buy the article because of its source ". (*Mavco, Inc.,* v. *Hampden Sales Assn., supra,* p. 302; see, also, *Crescent Tool Co.* v. *Kilborn & Bishop Co.,* 247 F. 299, and *Briddell, Inc.,* v. *Alglobe Trading Corp.,* 194 F. 2d 416.)

The present record is barren of any showing that the plaintiff's scarf design has acquired a secondary meaning or that the public is deceived into buying the defendant's scarf in the belief

that it is that of the plaintiff's. Indeed, this much was conceded by the plaintiff on the argument, with a reservation that such concession was limited to the application for a temporary injunction. At the time of the argument the defendant agreed to accept short notice of the note of issue and to an early disposition of the action on the merits. In the light of proof which it may have procured since the presentation of the instant application, the plaintiff may desire a prompt trial. If so, I am inclined to allow it (*Kaylon, Inc.,* v. *Collegiate Mfg. Co., supra,* p. 211). Settle order accordingly.