CATALINA, INC., Plaintiff, *v.* DAVID GANIS et al., Copartners Trading under the Name SANDEE SPORTSWEAR Co., et al., Defendants.

Supreme Court, Special Term, New York County, June 7, 1955.

*A. Louis Oresman, David M. Levitan* and *Morris Hirsch* for plaintiff.

*Edwin Levisohn* for defendants.

MATTHEW M. LEVY, J. The plaintiff seeks a temporary injunction — pending the trial — restraining the defendants from copying the design, print and pattern of the plaintiff's so-called '' Gingerbread Man '' swimsuit; from selling swimsuits embodying this pattern; from exhibiting plaintiff's swimsuit with the '' Gingerbread Man '' imprinted thereon or any of the advertising material therefor for the purpose of promoting sales of swimsuits manufactured by the defendants; and from misrepresenting, directly or indirectly, expressly or impliedly, that the defendants' '' Gingerbread Man '' swimsuit is of identical fabric and the same workmanship as that of the plaintiff's product.

The fact that a colleague had before him for determination an application for a temporary injunction in the action brought by this plaintiff against Tubtex Fabrics Corp. (the maker of the fabric used by these defendants in the manufacture of the swimsuits) does not compel or justify my referring the present matter to him for determination. As I indicated on the argument, the initial burden of decision must be entirely mine (cf. *Silverman* v. *Rogers Imports,* 127 N. Y. S. 2d 896, 896–897.)

Nor is the fact that the learned Justice denied the motion conclusive or even relevant here. While Tubtex could sell the fabric to the defendants, that did not, in my view, leave the defendants free to make and market a suit of the cancan style and of identical-designed material without giving some identification of source.

True, where there is no patent or secondary meaning, a competitor may lawfully copy (*Herzman Scarfs* v. *Baar & Beards,* 203 Misc. 449; *Effanbee Doll Corp.* v. *Belle Doll & Toy Corp.,* 285 App. Div. 803) — for, no doubt, free competition (however

seemingly immorally engaged in) is the life of trade. But there is such a thing as certain types of unfair competition which the law forbids. For example, where a secondary meaning has attached to a product, the mere trading upon that secondary meaning renders unnecessary any other showing upon which to base a holding of unfair competition — and, in such case, it is no defense that the invader is furnishing identification of source. And where (as I find to be the case here, in the light of the short time of production and promotion thus far engaged in by the plaintiff) there is no secondary meaning, there still may be unfair competition if an article can be palmed off as the product of another by reason of absence of due identification. The defendants' argument confuses these propositions and endeavors to leave the impression that the sole criterion here is the present absence of secondary meaning or of even the near possibility thereof. Upon the facts presented on this motion, it appears indisputably that the defendants have put into circulation garments which enabled the retailers so to offer them that the public would believe them to be the well-publicized product of the plaintiff. This area of definite confusion (and likely deception and palming off) is quite real, and it seems exactly what has happened, and is, in the circumstances, calculated to occur upon the offer of the defendants' product without indicating its source.

The motion is granted to the extent of issuing an injunction *pendente lite* requiring that adequate identification of source be placed on all of the defendants' garments which are similar to those of the plaintiff. In other unrelated respects the application is denied. Settle order accordingly, with suggestions as to the appropriate amount of the undertaking to be filed (Civ. Prac. Act, § 819). The samples of the swimsuits presented on the argument have been returned to the clerk's office, and may there be obtained by respective counsel upon due receipt.