Nicholas M. Pette, J.
Petitioner, upon a notice of motion, petition and exhibits, applies for an injunction pursuant to section 964 of the Penal Law. The respondent appeared on the argument of the motion without an attorney and has submitted no affidavit in opposition.
After reading the petition and examining the exhibits annexed thereto, this court is satisfied that the simulation by the respondent of the petitioner’s pictorial design, format and use of the words “ Good Bar ”, is a classical example of the unfair trade practices and competition, as well as conduct in the nature of commercial fraud, which section 964 of the Penal Law contemplated and was enacted to defeat and prevent, by resort to this summary special proceeding (Matter of Fainblatt v. Leo Sportswear Co., 178 Misc. 760; Matter of Playland Holding Corp. v. Playland Center Inc., 1 N Y 2d 300; Matter of Precision Apparatus Co. v. Precision Meter Co., 6 Misc 2d 817).
The controlling factor herein is whether the respondent, by appropriating unto himself a part of the petitioner’s trade name, pictorial design and format, has unfairly and with intent *759 to deceive and mislead the public, particularly those purchasing ice cream, committed a commercial fraud (Corning Glass Works v. Corning Cut Glass Co., 197 N. Y. 173; Ball v. Broadway Bazaar, 194 N. Y. 429; Higgins Co. v. Higgins Soap Co., 144 N. Y. 462). It is not part of petitioner’s case that it establish an exclusive right to the name, pictorial design and format (Kayser & Co. v. Italian Silk Underwear Co., 160 App. Div. 607, 616). The accent of the modern law on this subject is clearly upon whether the newcomer has sought to capitalize upon the prestige, reputation, advertising and good will of the predecessor (Fisher v. Star Co., 231 N. Y. 414, 427; Santa’s Workshop v. Sterling, 282 App. Div. 328).
The right to an injunction may not be defeated by a bare denial of intent to deceive or mislead the public, and where, as here, the respondent fails by affidavit to establish a true issue of fact, the proceeding will lie (Matter of Playland Holding Corp., supra, p. 303; Matter of Industrial Plants Corp. v. Industrial Liquidating Co., 286 App. Div. 568, 572; see Matter of Alexander’s Dept. Stores v. Cohen, 295 N. Y. 557). In fact the respondent here failed to submit any affidavit at all on this motion, and the allegations of the petition stand uncontradicted.
The statute does not require proof that any person has in fact been deceived or misled, and actual competition need not be shown; what matters is that the public may confuse the respondent’s products with those of the petitioner (New York World’s Fair 1939 v. World’s Fair News, 163 Misc. 661). The difference in size between respondent and petitioner is not ground for denying relief (Atlas Corp. v. Atlas Investing Corp., 98 N. Y. S. 2d 60; Matter of Rayco Mfg. Co. v. Layco Auto Seat Cover Center, 205 Misc. 827; Matter of Playland Holding Corp., supra).
Without going into further minute details, this court is entirely satisfied that the respondent adopted the name “ Good Bar ” and adopted the pictorial design and format simulating the petitioner’s label and advertising*, for the purpose of indulging in unfair competition and with the design and intent to create and cause confusion and deception with the trade name of the petitioner and with the intent to deceive and mislead the public and capitalize upon petitioner’s advertising and good will.
The application is therefore granted in every respect. Submit order.