Henry Epstein, J.
Plaintiff seeks to enjoin defendants from coloring the handles of paint brushes with a green tip, and asks for an accounting, damages and other relief. Defendants deny any such alleged unfair competition and counter with a prayer for injunctive relief against plaintiff’s use of the name “Simmons” and use of an advertising format similar to defendant’s. Common-law rights alone are involved, there being no question of patent, copyright or registry of trade-marks. The two defendants are now one and the same, a change of name having taken place in September, 1954, from Simmons-King, Inc. to A. Langnickel, Inc.
Some background material is necessary to an understanding of the issues. In 1949 the business of Simmons King Company was begun, then became Simmons-King, a division of Permanent Pigments, Inc. and later in 1951 Simmons-King, Inc., an independent corporation. In December, 1951 Robert Simmons sold his stock and other interests in the defendant Simmons-King, Inc. for a substantial sum of money. He was in all the previous business entities just referred to. He is now president of the plaintiff corporation, which was only organized in January, 1952. The present litigation centers around the apparent sales competition between defendant’s “Regis” brush line and plaintiff’s “Signet” brushes of a like nature and for like use in the artists’ world. There is little to distinguish brushes of plaintiff from those of defendant except possibly the use of color, the name imprinted on handles and the advertising format. The shapes of artists’ brush handles in the trade generally do not vary noticeably and so, too, of the brush -substance. *814 Plaintiff withdrew any claim based upon misrepresentation of quality or any inferiority of quality of defendant’s brushes.
The merits of the case stand almost wholly with defendant. Plaintiff’s entire case rests upon the claim to originality in green-tipping of the handle of its “ Signet” brush. The evidence discloses that green-tipped handles of brushes had been known and sold long before plaintiff used this color device. A number of other brushes with varied color-tipped handles were before the court. The green tip was a style form, but not unique. Misrepresentations, if any, were by plaintiff, not defendant. Plaintiff advertised its “ Signet ” brush as an old and well-established item, which it was not. The handle, color of handle, and color of name imprinted in handle were like those of defendant’s “Regis” line. The green tip was not so significant as to grant plaintiff a color monopoly. Defendant in fact only experimented with the green-tipped handle and has since used a silver-toned end to the green tip as an identifying mark. This was some time before the instant action was begun. No actual damages were proved by plaintiff. When Robert Simmons sold out, he was permitted to use his name in a like business. Such authorization did not, however, give him permission, actual or implied, to drop his first name and thereafter use only the name “ Simmons ”, together with advertising context and format which would lend color to a representation as successor to the business and good will which he had sold for a substantial sum.
Defendant in this case has not been guilty of any fraud or misrepresentation. Free enterprise and the public interest in competition stand as a barrier to plaintiff’s claim to a color scheme monopoly in the “ Signet ” brush. The eases are many, which support defendant’s position on the facts in this case: Crescent Tool Co. v. Kilborn & Bishop Co. (247 F. 299, 300 [Learned Hand, J.]); Mavco Inc. v. Hampden Sales Assn. (273 App. Div. 297 [Shientag, J.]); Life Savers Corp. v. Curtis Candy Co. (182 F. 2d 4, 9). The imitator, if any, in the substantial factors involved herein was plaintiff, not defendant. (Flagg Mfg. Co. v. Hohway, 178 Mass. 83, 91.) In the last ease Mr. Justice Holmes (then in the Massachusetts Supreme Court) said: “ In the absence of a patent the freedom of irianufacture cannot be cut down under the name of preventing unfair competition.” In the same vein, see, also, Chorbajian v. Steinberg (196 Misc. 796); Herzman Scarfs v. Baar & Beards (203 Misc. 449). Plaintiff seeks the aid of this court in a proceeding for equitable relief. The age-old doctrine of “ clean hands ” operates against plaintiff herein. (Prince Mfg. Co. v. Prince’s Metallic Paint Co., 135 N. Y. 24, 38.)
*815 The distinctive rectangle with script in black and white used by defendant has been used by plaintiff with the name “ Simmons ’ ’ and not ‘ ‘ Robert Simmons ’ ’, which was allowed him. Both in advertising, in catalogues and by letterhead did plaintiff follow this questionable practice. (Ball v. Best, 135 F. 434, 436; Winifred Warren, Inc. v. Turner’s Gowns, 16 N. Y. S. 2d 994, 997-998.) Thus, even were the court to find (which it does not) that the green tip tended to simulate plaintiff’s brush handle in the “ Signet ” line, yet plaintiff has in so many other facets of the case violated the principle of clean hands that the court is not willing to absolve plaintiff. (Prince Mfg. Co. v. Prince’s Metallic Paint Co., supra; Matter of Good Humor Corp. v. Femia, 6 Misc 2d 758.)
Plaintiff’s brief argues: “ Plaintiff does not urge that it has the sole right to use a green tip, or that it has the sole right to use a tan handle, but urges only that by reason of use and adoption of the color combination used by it over many years and the resultant association of the plaintiff with that handle, it is entitled to the sole use of a tan handle and a green tip.”
Neither the facts developed on the trial, nor the law of the eases would seem to support plaintiff. On the other hand defendant is entitled to have plaintiff discontinue the use of the single word “ Simmons ” and to discontinue the rectangle with black and white lettering on its catalogue and advertising. Reasonable time within which to dispose of stock already manufactured will be allowed.
Submit judgment dismissing complaint on the merits and for defendant on its counterclaim as indicated.