Mario Pittoni, J.
The petitioner moves, pursuant to section 964 of the Penal Law, for an order enjoining the respondent, etc. from using the name Typhoon Industries, Inc., in its business, and determining that the name Typhoon Industries, Inc., is such a simulation of the name used by the petitioner, Tornado Industries, Inc., as to deceive and mislead the public as to the identity of the respondent with that of the petitioner. The petitioner also contends that the public will be mislead because the two main principals in the respondent corporation are a former officer and a former employee of the petitioner.
The petitioner, which was incorporated in New York on April 9, 1954, has its principal place of business in Seaford, L. I.; while the respondent, which was incorporated in New York on January .9, 1959, has its principal place of business in Lindenhurst, L. I. The respondent’s advertisements state Lindenhurst as its address.
1. The petitioner’s contentions.
The petitioner argues that both names begin with the letter “ T and that the use of the name “ Typhoon” by former employees of “ Tornado ” coupled with the word “ Industries ” in the corporate title shows a clear intent to deceive. This latter part, says the petitioner, is the test under section 964 of the Penal Law — that the name may deceive or mislead the public.
The petitioner also argues that according to Funk & Wagnalls “New Practical Standard Dictionary” a “tornado” is “ a whirling wind of great violence ’ ’, and a ‘ ‘ typhoon ” is “ a wind of cyclonic force and peculiar violence, occurring in the China Sea ”. The petitioner also states that the synonyms for the two are “cyclone”, “hurricane”, “whirlwind” and others.
The petitioner argues further that whatever technical differences may exist in the actual definitions of each word the popular conception of “ tornado ” and “ typhoon ” is a wind of great force and that they are synonymous to the public; and with ‘ ‘ the entire lexicon of the English language available to it, the principals * * * chose the word ‘ Typhoon ’ ”.
2. Reasons for this decision.
The same may be said of the petitioner. With the entire lexicon of the English language available to it the petitioner in 1954 chose the word “ Tornado This was with full knowledge that for many years there had been, and still exist, the Cyclone Fence Company and the Hurricane Fence Co., both well-known steel fence companies doing business on Long Island.
*45 On the oral argument of this motion the court expressed the impromptu thought that if the petitioner were entitled to an injunction in this case then Cyclone would be entitled to one against the petitioner. The response was that Cyclone had not made any such application.
On what has been said so far it is clear to this court that the petitioner is not entitled to relief. The petitioner is asking a court of equity to prohibit a competitor from committing an act similar to that which the petitioner itself is now committing against others. It is hornbook law that you may come into equity only “ with clean hands ”.
Be that as it may, it is difficult to see how the public can be misled by the respondent’s use of the name “ Typhoon ”. The two cases emphasized by the petitioner are not helpful. Matter of Rayco Mfg. Co. v. Layco Auto Seat Cover Center (205 Misc. 827) involved two similar sounding names, “ Rayco ” and “Layco”. Matter of Good Humor Corp. v. Femia (6 Misc 2d 758) involved two similar sounding first names, “ Good Humor ” and “ Good Bar ”. In both cases a hasty look by a prospective customer could cause mistaken identity. Others cited by the petitioner are not helpful to his cause. They are Matter of Precision Apparatus Co. v. Precision Meter Co. (6 Misc. 2d 817) and Matter of Playland Holding Corp. v. Playland Center (1 N Y 2d 300).
The two words “ tornado ” and “ typhoon ” are spelled differently, do not sound alike, do not on a hasty look cause mistaken identity and do not cause confusion. The only thing they have in common is that they denote windstorm, hurricane or big wind. So do “ Cyclone ”, “ Hurricane ”, “ Whirlwind ” and other well-known names used in the fence industry. For some reason unknown to the court, members of the fence industry, starting with the Cyclone Fence Company, feel they need the names of big winds to attract their customers.
Other arguments could be discussed, but enough has been said to impel a denial of an injunction in this case.
Anyway, injunctive relief is a harsh remedy which should be granted only upon a clear showing of irreparable damage to the petitioner. This has not been established.
Motion denied.
Submit order.