**RIBACK ENTERPRISES, INC.,**
**Plaintiff,**

v.

**George DENHAM, Harold Bates, Arnold Kramer, doing business individually and collectively under the name and style "Denhams", Defendants.**

**No. 71 Civ. 850.**

United States District Court,
S. D. New York.

April 30, 1971.

Weiss, Bronston, Rosenthal, Heller & Schwartzman, New York City, for plaintiff; Richard F. Horowitz, New York City, of counsel.

Krolik & Ochs, New York City, for defendants; Leon A. Milman, Brooklyn, N. Y., of counsel.

## OPINION

BONSAL, District Judge.

By a complaint filed on February 26, 1971, plaintiff Riback Enterprises, Inc. (Riback) instituted this action to enjoin the defendants George Denham, Harold Bates and Arnold Kramer from manufacturing, advertising, attempting to sell and selling greeting cards consisting of multiple overlapping pages with varying colors and pictorial script. This motion for a preliminary injunction, pursuant to Rule 65, F.R.Civ.P., was argued on March 9, 1971.

Riback manufactures and sells a line of greeting card booklets called "Grin-

lets" which "express a novel concept and format conveying a fresh, joyful impression to which the words, pictorial figures and entire assembly of the books contribute." Riback has been marketing the booklets for three years and claims to be the first company to produce them.

Riback contends that defendant Denham, with the assistance of defendants Bates and Kramer, has gone into direct competition with it by selling an imitation of the Grinlets booklets. Riback's complaint is founded upon Federal copyright and trademark law and upon New York State law of fiduciary obligations, unfair competition and trade secrets.

The jurisdiction of the court over the copyright and trademark infringement causes of action is invoked under 28 U. S.C. § 1338(a) and the jurisdiction of the court over the State law causes of action is based on diversity of citizenship (28 U.S.C. § 1332). Riback is an Illinois corporation with its principal office in Chicago, Illinois. The defendants Denham and Kramer are citizens of Pennsylvania and the defendant Bates is a citizen of New York.

In January of 1970, Riback hired Denham as its salesman for the territories of Washington, D. C., Virginia, Maryland, Pennsylvania and Southern New Jersey. Denham was paid solely by commission, and his job was to solicit orders directly from retailers. Shipment was made by Riback directly to the retailers and payment was made directly to Riback.

On February 24 and 25, 1971, Bates and Kramer sold greeting card booklets titled "Love Pups by Denhams" (Love Pups) at the New York Gift Show in the New York Coliseum. Riback contends that the Love Pups booklets are imitations of the Grinlets booklets and that Bates and Kramer were selling them at Denham's direction. Following the institution of this action, Denham's employment with Riback was terminated.

Each Grinlets and Love Pups booklet consists of three sheets of colored construction paper approximately 4½ inches by 13 inches in size. In the Grinlets booklets, two different colors are used, and in the Love Pups booklets three different colors are used. The sheets of both booklets are folded in such manner that, when stapled together, the effect created by their multi-colored, overlapping edges is the same. Both sets of booklets feature a character in a series of poses, one on each page, illustrating emotional responses to such subjects as birth, love, absence, marriage, and recovery from sickness.

The Grinlets booklets feature a youthful male figure without ears (Grinlet) and the Love Pups booklets feature a female and a male puppy. The scenes depicted in the two sets of booklets and the captions labeling the scenes are different; however, the formats of the booklets are the same.

■ Riback contends that Denham breached his fiduciary obligation not to compete with his principal by having the Love Pups booklets sold at the New York Gift Show. Elco Shoe Manufacturers, Inc. v. Sisk, 260 N.Y. 100, 183 N.E. 191 (1932); Frank Sheridan Jonas, Inc. v. Romanat, 94 N.Y.S.2d 727, 730 (Sup.Ct.1950), aff'd, 278 App.Div. 809, 104 N.Y.S.2d 457 (1st Dept.), appeal dismissed, 303 N.Y. 616, 101 N.E.2d 487 (1951). The defendants argue that Denham's agency was limited to areas outside New York City and therefore the sales of the Love Pups booklets in New York City did not breach Denham's fiduciary obligation not to compete. Since retailers from the areas in which Denham represented Riback could be expected to attend the Gift Show, even according to defendants' standards Denham has breached his fiduciary obligation.

Riback contends that in selling and promoting the Love Pups booklets the defendants are guilty of unfair competition both under the common law and under the New York General Business Law

§ 368–d (McKinney's Consol.Laws, c. 20, 1968).*

■ The purpose of the law of unfair competition is "to prevent a person from passing off his goods as the goods of another." Jean Patou, Inc. v. Jacqueline Cochran, Inc., 201 F.Supp. 861 (S.D.N.Y.1962), aff'd 312 F.2d 125 (2d Cir. 1963). In McGraw-Hill Book Co. v. Random House, Inc., 32 Misc.2d 704, 710, 225 N.Y.S.2d 646, 653 (Sup.Ct. 1962), the court noted that "no one has a right to avail himself of another's favorable reputation in order to sell his own goods." The test for determining unfair competition was set out in Jean Patou, Inc. v. Jacqueline Cochran, Inc., *supra,* as follows: "Taking the total effect of defendant's product upon the eye and mind of the prospective purchaser, will there be confusion of origin?" 201 F.Supp. at 866; see also Field Enterprises Educational Corp. v. Grosset & Dunlap, Inc., 256 F.Supp. 382 (S.D.N.Y. 1966).

■ The court finds that the defendants have imitated the format of the Grinlets booklets in their Love Pups booklets, and that a prospective purchaser of greeting card booklets would believe that both sets of booklets were produced by a single company which wished to feature more than one character in its line of booklets. Moreover, the defendants' use at the Gift Show of a display rack for Love Pups identical to the one used by Riback for Grinlets in its retail outlets indicates that the defendants intend to identify their product as closely as possible with Riback's. In those areas where Denham had acted as Riback's salesman, such a marketing practice would probably cut deeply into Riback's sales. Clearly, the defendants' activities constitute unfair competition and provide the court with ample grounds for issuing a preliminary injunction. See Fisher v. Star Co., 231 N.Y. 414, 132 N.E. 133 (1921); White Studio v. Dreyfoos, 221 N.Y. 46, 116 N.E. 796 (1917); Lanvin Parfums, Inc. v. Le Dans, Ltd., 9 N.Y.2d 516, 215 N.Y.S. 2d 257, 174 N.E.2d 920, cert. denied, 368 U.S. 834, 82 S.Ct. 58, 7 L.Ed.2d 35 (1961).

If a preliminary injunction does not issue, Riback may suffer irreparable harm. Moreover, there is a reasonable probability that Riback will succeed at trial. Therefore, the court will issue a preliminary injunction enjoining the defendants from selling greeting card booklets which have the same format as the Grinlets greeting card booklets. In view of this determination, it is unnecessary to consider at this time Riback's contentions that the defendants have infringed the copyright and trademark on the Grinlets booklets.

■ Defendants contend that Denham Inc. is an indispensable party to this action and that because it has not been joined as a party Riback's motion should be dismissed pursuant to Rule 19, F.R.Civ.P. At the Gift Show, the defendants' booth was labeled "George Denham Associates" (plaintiff's exhibit N) and Riback asserts that it did not learn there was a Denham Inc. until it received defendants' papers on this motion. While Denham Inc. should be joined as a party for trial, its absence at this time does not preclude the issuance of an injunction.**

The foregoing constitutes the court's findings of fact and conclusions of law as required by Rule 52(a), F.R.Civ.P.

Riback's motion for a preliminary injunction enjoining Denham, Bates and Kramer is granted on the condition that Riback post a bond in the sum of $15,-000.

Settle order on notice.

---

* Riback also claims that Denham has misappropriated its trade secrets, but the evidence does not disclose any trade secrets.

** Denham argues that because service was made only upon Bates and Kramer at the Gift Show, the court has no personal jurisdiction over him. This argument is rendered moot by service of process made at Denham's home in Philadelphia, Pennsylvania on April 12, 1971.