OPINION OF THE COURT
Per Curiam.
Plaintiff is a designer who sold to defendant, a fabric manufacturer, a design referred to as “Cook’s Stripe.” She seeks damages and an injunction in a complaint alleging five causes of action: for breach of an express oral contract or a contract implied in fact; for misrepresentation through false labeling; for unauthorized licensing; for damages to her reputation through the inferior quality of the product licensed; and for interference with her contract relationships. Special Term permitted defendant to amend its answer to allege a Statute of Frauds defense, but concluded that the evidentiary matter presented by defendant was insufficient to warrant the granting of its motion for summary judgment. On appeal to the Appellate Division that court *78 (two Justices dissenting) modified, on the law, by granting defendant’s motion dismissing the complaint.
The issues argued before us are the extent to which section 301 of the Copyright Act (17 USC § 301) deprives the courts of New York of subject matter jurisdiction over the causes of action pleaded by plaintiff, and the extent to which General Obligations Law § 5-701 bars such causes of action as are not preempted by the Copyright Act. Although plaintiff disavows reliance on the Copyright Act, she has not disputed that the design which is the basis for her causes of action was copyrightable or that her transaction with defendant took place after the effective date of section 301.
Subdivisions (a) and (b) (3) of section 301 recognize that only “legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright” are preempted (see, Editorial Photocolor Archives v Granger Collection, 61 NY2d 517). House Report No. 94-1476 states with respect to equivalency that “common law rights of ‘privacy,’ ‘publicity’, and trade secrets * * * would remain unaffected as long as the causes of action contain elements, such as an invasion of personal rights or a breach of trust or confidentiality, that are different in kind from copyright infringement” and that “to the extent that the unfair competition concept known as ‘interference with contract relations’ is merely the equivalent of copyright protection, it would be preempted” (1976 US Code Cong & Admin News, at 5748). It notes, however, that “[sjection 301 is not intended to preempt common law protection in cases involving activities such as false labeling, fraudulent representation, and passing off even where the subject matter involved comes within the scope of the copyright statute” (id.; emphasis supplied) and that “[njothing in the bill derogates from the rights of parties to contract with each other and to sue for breaches of contract” (id.). It follows that plaintiff’s first cause of action for breach of contract and her second cause of action for false labeling are not preempted, but that the third, fourth and fifth are, because not different in kind from copyright infringement.
Though not preempted, the first cause of action is, however, barred by General Obligations Law § 5-701, for it alleges that defendant’s licensing of others to reproduce the design on products other than fabric was “in direct contravention of the terms of the agreement between plaintiff and defendant” which sold to defendant the right to produce the design solely on fabric. *79 Such a contract limitation, because it cannot be performed within one year from its making, is barred unless in writing (Tyler v Windels, 227 NY 589, affg 186 App Div 698; Montgomery v Futuristic Foods, 66 AD2d 64). Plaintiff’s full performance of her obligations under the contract within a year is insufficient to take the oral contract out of the statute (id.) and we decline plaintiff’s invitation to hold her unilateral performance sufficient to do so (see, Montgomery v Futuristic Foods, 66 AD2d 64, 66-69, supra).
On the present record, however, the second cause of action cannot be dismissed as barred by the Statute of Frauds. This cause of action alleges not only that defendant licensed use of plaintiff’s design by others on products other than fabric but also that it required its licensees to place on their products a credit for the design stating that it was “designed by Waverly”, even though defendant knew that the pattern was designed by plaintiff.[1] By so doing, plaintiff argues, defendant was “thereby deceiving the public.”
Defendant’s answer denies those allegations. Defendant argues that it purchased the design for all purposes, not just for use on fabric, but presents nothing to suggest that it was authorized to represent the design as its own rather than plaintiff’s. The only evidence in the record bearing on what the contract between the parties was is plaintiff’s deposition testimony that “it was ordered as a fabric design.” The Statute of Frauds constitutes no bar to the second cause of action if that be true. Defendant’s liability on that cause of action will arise, if at all, not from the use of the design on products other than fabric in violation of the contract, but from its violation of the law of unfair competition by misrepresenting the design, which it knew to be plaintiff’s, as its own (see, International News Serv. v Associated Press, 248 US 215; Electrolux Corp. v Val-Worth, Inc., 6 NY2d 556, 567; Germanov v Standard Unbreakable *80 Watch Crystals, 283 NY 1, 18-19; Gotham Music Serv. v Denton & Haskins Music Pub. Co., 259 NY 86, 90; Fisher v Star Co., 231 NY 414, 427; Dior v Milton, 2 AD2d 878, affg 9 Misc 2d 425; Metropolitan Opera Assn. v Wagner-Nichols Recorder Corp., 279 App Div 632, affg 199 Misc 786; Madison Sq. Garden Corp. v Universal Pictures Co., 255 App Div 459, 464; but see, White Studio v Dreyfoos, 221 NY 46, 48; Kaylon, Inc. v Collegiate Mfg. Co., 255 App Div 209, 210).[2]
Thus, plaintiff’s second cause of action has not been demonstrated to be dismissible on the preemption and Statute of Frauds grounds urged by defendant. Not argued by defendant and, therefore, not considered by us is whether on the facts plaintiff can establish her cause of action. Accordingly, the order of the Appellate Division should be modified by reinstating the second cause of action, without prejudice, however, if defendant be so advised, to a further motion for summary judgment as to that cause of action, and except as so modified the Appellate Division’s order should be affirmed, with costs, to appellant.

. The suggestion of the dissent that the second cause of action is not for false labeling because the words “direct contravention of the terms of the agreement” appear in paragraph 7 of the complaint (part of the first cause of action) is a misreading of the complaint. Paragraph 7 states that the granting of a license by defendant to others “to reproduce the Design on products other than fabric” was in contravention of the agreement. The repetition of paragraph 7 as part of the second cause is but a predicate for paragraph 11, which recites that defendant also required those others to place “on certain of the unauthorized products sold by [the others] a credit for the Design stating it was ‘designed by Waverly’, even though in truth and in fact defendant knew that such pattern was designed by the plaintiff”. Thus, the second cause of action is for defendant’s misrepresenting the design as its own, not for breach of contract.

. If in fact plaintiff sold only the right to use the design on fabric, the use of it in other and deceitful ways is no less a tort because it has its genesis in contract, for it is “plain that a contracting party may be charged with a separate tort liability arising from a breach of duty distinct from, or in addition to, the breach of contract” (North Shore Bottling Co. v Schmidt & Sons, 22 NY2d 171, 179), as when it springs “from extraneous circumstances, not constituting elements of the contract as such although connected with and dependent upon it, and bom of that wider range of legal duty which is due from every man to his fellow, to respect his rights of property and person, and refrain from invading them by force or fraud” (Rich v New York Cent. & Hudson Riv. R.R. Co., 87 NY 382, 398; and see, Fantis Foods v Standard Importing Co., 49 NY2d 317, 324; Albemarle Theatre v Bayberry Realty Corp., 27 AD2d 172).