### SCHWARTZ v. TELEVISION CENTER, Inc., et al.

No. 10813.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 30, 1951.

Decided May 17, 1951.

Harry Friedman, Washington, D. C., for appellant.

Albert Brick, Washington, D. C., for appellees.

Before CLARK, PRETTYMAN and WASHINGTON, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal from the United States District Court for the District of Columbia; that court dissolved the preliminary restraining order which had been granted to the appellant, dismissed appellant's complaint, and awarded the appellee the sum of $200 as nominal damages.

The appellant, Schwartz, filed his complaint charging the appellees herein with having engaged in unfair competition by the appropriation of appellant's trade name. Damages and an injunction were requested "to prevent unfair competition and unfair use of trade name." A temporary injunction restraining the appellees from the use of the name "Television Center" was issued. Appellees answered and counterclaimed for damages for having been prevented from opening their place of business as a result of the temporary injunction, and for appropriation of the trade name "Television Center" by the appellant.

A preliminary restraining order was then issued, and the case was heard on the merits by Judge Goldsborough who dissolved the injunction, dismissed the complaint, and awarded the appellees nominal damages. From that judgment this appeal was taken.

■ The appellant's complaint seeks an injunction to prevent unfair competition by the appropriation of the trade name "Television Center." This Court has held, McGraw-Hill Pub. Co. v. American Aviation Associates, 1940, 73 App.D.C. 131, 117 F.2d 293, 296. "To constitute unfair competition in respect to a trade name, two elements must be present. The name must have acquired a secondary meaning or significance that identifies the plaintiff; the defendant must have unfairly used the name or a simulation of it against the plaintiff."

■ We quite agree with the lower court that the appellant "did not use said words [Television Center] in such a manner as to acquire a secondary meaning, but used same only in a subordinate manner, and such use was not consistent, continuous nor exclusive over a sufficient period of time to create a secondary meaning to the general public." The main reliance upon which appellant bases his claim is the use of the term "Electrical Center is Television Center." To this Court that term connotes that the store, Electrical Center, is the center for television needs. To pretend that it is other than a purely descriptive term is beyond the realm of reality.

■ The general rule is that descriptive words are not capable of exclusive appropriation as trade names. 52 Am.Jur. 546, Trademarks, Trade names, etc., § 63. As the appellant contends, the rule of law applicable to trade names has recognized that some words or phrases although descriptive are capable of appropriation by the first user. This exception has never been applied however, when the forms of the advertisements varied so as not to present a lasting impression in the minds of the public; the use of the trade name was not exclusive by the first user but on the contrary was openly employed by others; and had only been used for about a year and a half intermittently by the first user, the appellant. The appellant simply has not shown the degree of correlation between the alleged trade name and his business that has formed the basis for relief in other cases. McGraw-Hill Pub. Co. v. American Aviation Associates, supra.

■ As H. D. Nims says in his volume on unfair competition, "Secondary meaning is *association*, nothing more. It exists only in the minds of those of the public who have seen or known or have heard of a brand of goods by some name or sign and have associated the two in their minds." Nims, Unfair Competition, § 37 (3 ed. 1936). Consequently, we feel that appellant has failed to sustain the burden of proof that a secondary meaning had attached to the trade name so as to identify him.

Affirmed.