JEAN PATOU, INC., Plaintiff-Appellant,

v.

JACQUELINE COCHRAN, INC.,
Defendant-Appellee.

No. 178, Docket 27627.

United States Court of Appeals
Second Circuit.

Argued Dec. 12, 1962.

Decided Jan. 15, 1963.

**126**

Blum, Moscovitz, Friedman & Blum, New York City (Alex Friedman, Martin J. Beran, New York City, of counsel), for plaintiff-appellant.

Sawyer, Kennedy & Murray, New York City (Kenneth H. Murray, New York City, of counsel), for defendant-appellee.

Before WATERMAN, SMITH and HAYS, Circuit Judges.

WATERMAN, Circuit Judge.

Plaintiff-appellant, Jean Patou, Inc., is the owner of the trade-mark JOY which it has employed since 1931 in the marketing of its line of perfume, toilet water, powder, and soap. Patou appeals from a judgment of the United States District Court for the Southern District of New York dismissing its complaint in which it charged defendant, Jacqueline Cochran, Inc., with trademark infringement and unfair competition. The complaint is based upon defendant's use, since 1959, of the legend "Joy of Bathing" in connection with the sale of a bath oil preparation. Federal jurisdiction rests upon 15 U.S.C. §§ 1114, 1121 and 28 U.S.C. §§ 1338(a), 1338(b).

On August 22, 1950, JOY was registered by Patou as a trade-mark for perfume and toilet water under the Lanham Act, 60 Stat. 427, 15 U.S.C. §§ 1051–1127. The validity of that registration is not in dispute. Indeed, plaintiff's exclusive right to use the trade-mark for perfume and toilet water had become incontestable, pursuant to the provisions of 15 U.S.C. §§ 1065, 1115(b) prior to defendant's alleged infringement thereof. The primary issue between the parties, therefore, is whether Cochran's use of the legend "Joy of Bathing" is "likely to cause confusion or mistake or to deceive purchasers as to the source of origin" of its bath oil preparations. 15 U.S.C. § 1114(1) (a); Avon Shoe Co., Inc. v. David Crystal, Inc., 279 F.2d 607, 614 (2 Cir. 1960). Based upon the facts hereinafter set forth, the trial court found that there was no significant likelihood of such confusion.

Plaintiff and defendant are both national distributors of cosmetics and toilet preparations, but Patou does not market a bath oil in competition with defendant's product. Defendant's products, which include "Radiant Masque," Eye Cream, Lipstick, Pressed Powder, Bath Oil and Make-Up, are normally marketed under the trademark designation "Flowing Velvet." These products are normally offered for sale in similarly decorated pale blue packages prominently featuring the words FLOWING VELVET and JACQUELINE COCHRAN. On the boxes containing the bottles of defendant's bath oil these prominently featured customary marks appear, FLOWING VELVET at the top, and JACQUELINE COCHRAN at the bottom, but the additional words

JOY OF
BATHING
bathe in fragrance
as you bathe away
dry skin

appear between these two legends. On the bottles the language "bathe in fragrance as you bathe away dry skin" is omitted.

Plaintiff does not contend that the over-all appearance of the bath oil bottle or the package containing it, or the over-all appearance of any other packaged Cochran product, is at all similar to the dress or appearance of plaintiff's line.

Plaintiff offered no evidence of actual customer confusion between its products and defendant's bath preparation.

We cannot say that the trial court was clearly in error in finding, upon these facts, that there was no significant likelihood of confusion as to the sources of plaintiff's and defendant's products. It is unnecessary for us to consider or to review the propriety of, or the weight to be given to, other findings of the trial judge. We do point out, however, that the finding of lack of likelihood of confusion is strengthened by the court's additional findings that the defendant did not intend to pass off its product as that of the plaintiff, and that it used the word "Joy" on its bath oil containers in a partially descriptive sense when it incorporated the word within the full legend "Joy of Bathing" "bathe in fragrance as you bathe away dry skin."

The judgment order dismissing plaintiff's complaint is therefore affirmed.

Subsequent to the entry of the judgment below, plaintiff made a timely motion under Rules 59 and 60(b), Fed.R. Civ.P. to amend the judgment, or, in the alternative, for a new trial. The motion was based on plaintiff's discovery that shortly prior to the date of the trial below, defendant had marketed a limited quantity of its bath oil in a bottle other than the one before the trial court. The bottle was similar to the one in evidence at trial save that the words "Flowing Velvet" had been omitted from the language on it, leaving only the words "Jacqueline Cochran" and "Joy of Bathing" in prominent display, and it was being sold without being encased in the distinctive blue box characteristic of the Cochran line. The newly discovered evidence of these facts conflicted with defendant's testimony at trial that its bath oil was sold only under the trade-mark Flowing Velvet. After a rehearing and consideration of the newly-discovered evidence, the trial court adhered to its original decision and denied the motion for a new trial.

Although the alternative dress of defendant's bath oil raised a closer question of possible confusion than does its customary package, we cannot say that the trial court was clearly in error in failing to find that possibility a substantial one. The denial of plaintiff's motion for a new trial is, accordingly, affirmed.