CHANDON CHAMPAGNE CORPORA-TION, Societe Anonyme Maison Moet & Chandon, and Schieffelin & Co., Plaintiffs,

v.

SAN MARINO WINE CORPORATION, doing business as Pierre Perignon Champagne Co., Defendant.

Civ. A. No. 60-C-20.

United States District Court
E. D. New York.

May 28, 1963.

Blum, Moscovitz, Friedman & Blum, New York City, for plaintiffs, Alex Friedman, Martin J. Beran, New York City, of counsel.

Joseph J. Shapiro, New York City, for defendant, Burton L. Lilling, New York City, of counsel.

BRUCHHAUSEN, District Judge.

The plaintiffs seek injunctive relief for trademark infringement. The claims

for unfair competition, accounting and damages have been waived.

The evidence established that the plaintiffs are producers, distillers, bottlers and distributors of imported champagne known as Dom Perignon. This trademark was registered in the United States Patent Office on September 4, 1956 under No. 634,170. The defendant, a producer and bottler of domestic champagne, uses the brand name Pierre Perignon which mark was registered in the United States Patent Office on March 2, 1943 under No. 400,322. This mark was cancelled September 1954 for failure to file an affidavit of continued use although the defendant actually conducted business under this name. The plaintiffs commenced sales in the United States of Dom Perignon in 1936 and such sales have continuously increased except for the war years when exports from France terminated. The evidence established conclusively that Dom Perignon is the epitome of vintage champagne, very expensive and a connoisseur's delight. This wine has never been mass-produced. Since its debut in America, sales have increased except for the war years when it vanished from the American market. Quality and advertising were responsible for its success. Pierre Perignon a domestic brand champagne, introduced by the defendant in 1939 is a very inexpensive mass produced non-vintage wine and in no way equals the quality of Dom Perignon. The plaintiffs' wine is in the typical champagne bottle and sealed with a heavy black wax. The label resembles a shield with a light gray background and black script writing as follows as shown by plaintiffs' Exhibit 1—

CHAMPAGNE
CUVÉE DOM PERIGNON
VINTAGE 1921
PRODUCE OF FRANCE

The defendant's wine is bottled similarly. The cork is covered with a flimsy gold colored paper. The neck band indicates a crest between the words special cuvée. The label is rectangular, with a yellow background and black print as follows as shown by plaintiffs' Exhibit 7—

PIERRE PERIGNON
NEW YORK STATE
CHAMPAGNE
NATURALLY FERMENTED
IN THE BOTTLE
PRODUCED AND BOTTLED BY
PIERRE PERIGNON CHAMPAGNE
CO. .
NEW YORK, N. Y.

The defendant introduced Exhibit B in evidence showing that one Arthur Lesser on May 22, 1934 registered the mark for Dom Perignon imported champagne pursuant to the act of February 20, 1905, in the United States Patent Office, under No. 313,254. This exhibit is a square label with the following words:

CHAMPAGNE
DOM PERIGNON
REIMS
RILLY    FRANCE

The Court denies the plaintiffs' motion to strike the exhibit, at the same time stating that it attaches little weight or significance to it.

■■ It is well settled that the test of trademark infringement is confusing similarity. The Court is called upon to determine whether the defendant's use is likely to cause confusion or mistake or to deceive purchasers as to the source of plaintiffs' goods. Jean Patou, Inc. v. Jacqueline Cochran, Inc., D.C., 201 F. Supp. 861, affirmed 312 F.2d 125 (2 Cir., 1963); 15 U.S.C.A. § 1114(1).

■■ There is a similarity, though not a confusing one, between the two trade names. However, mere similarity without a resemblance between their products does not constitute trademark infringement. Proof is required that such similarity has resulted or may result in confusion in the minds of consumers to the detriment of the party to which the name belongs. American Steel Foundries v. Robertson, 269 U.S. 372, 46 S.Ct. 160, 70 L.Ed. 317.

In Societe · Anonyme · De La Grande Distillerie E. Cusenier Fils Aine & Cie., and Browne Vintners Co., Inc. v. Julius Wile Sons & Co., Inc., 161 F.Supp. 545, at page 547 (D.C.S.D.N.Y.1958), Judge Kaufman, held in part:

"* * * I don't think these points of similarity warrant a finding that they are likely to be confused by the consumer, particularly when the likelihood of confusion is considered in the light of the buying habits of prospective purchasers of creme de menthe. As distinguished from mass produced low priced articles, the selection and purchase of a creme de menthe cordial generally involves an exercise of personal taste and purchasers of such liqueurs are apt to buy with a greater degree of sophistication and care than might be true in their purchase of other merchandise. Such a consideration is always relevant in appraising the likelihood of confusion."

At page 548 of 161 F.Supp. Judge Kaufman further held in part:

"That the likelihood of confusion between the two competing trade-names is non-existent finds further support from the fact that no instances of confusion have occurred in the past. While I recognize that evidence of actual confusion is not essential to sustain the instant action the fact that during the period of over six years in which 'Frappe-mint' has been on the market no one appears to have been actually deceived is strongly probative that there is no likelihood of deception or confusion. See Mishawaka Rubber & Woolen Mfg. Co. v. Panther-Panco Rubber Co., 1 Cir., 153 F.2d 662, 665, certiorari denied 1946, 329 U.S. 722, 67 S.Ct. 64, 91 L.Ed. 625; Eastern Wine Corp. v. Winslow-Warren Ltd., 2 Cir., 137 F.2d 955, 959–960, certiorari denied 1943, 320 U.S. 758, 64 S.Ct. 65, 88 L.Ed. 452."

In the case at bar both products were before the public more than twenty years and no proof was offered whereby this Court could hold the existence of confusing similarity.

The defendant is entitled to a decree dismissing the complaint which, together with the findings, shall be settled on notice.