**ALLSTATE INSURANCE COMPANY, Appellant,**

v.

**ALLSTATE INVESTMENT CORPORATION, Appellee.**

No. 20393.

United States Court of Appeals Fifth Circuit.

March 4, 1964.

Stephen B. Lemann, New Orleans, Louis G. Baine, Jr., Baton Rouge, La., Monroe & Lemann, New Orleans, La., Seale, Hayes, Smith & Baine, A. G. Seale, Baton Rouge, La., for appellant.

Robert G. Pugh, Shreveport, La., for appellee.

Before RIVES, CAMERON and HAYS,* Circuit Judges.

PER CURIAM.

The district court heard extensive testimony and examined numerous exhibits on January 8, 9 and 11, 1962. It was not until the following October 23rd that it entered a full opinion, now reported in 210 F.Supp. at pp. 25–31, which concluded:

"Considering all of the above, and having made a careful assessment of the entire record, plus the fact that all of defendant's advertisements show it is in the mortgage loan business with headquarters in Shreveport, whereas plaintiff's advertisements show that it is in the insurance business with its home office at Skokie, Illinois, we are convinced, *and find as a fact,* that there is *no* infringement, *no* unfair competition by defendant, and *no* confusion in the public mind by defendant's use of the name *Allstate Investment Corporation.*

"For these reasons, therefore, we find that plaintiff's claims for equitable relief and for damages are without merit and should be denied. Hence, there should be judgment for defendant, rejecting plaintiff's demands at its cost."

Allstate Insurance Co. v. Allstate Investment Corp., W.D.La.1962, 210 F.Supp. 25, 30, 31.

The appellant urges in brief "that in the ten months that elapsed between the trial of this matter and the opinion, the many other matters considered by the learned Judge below interfered with his recollection of this trial." Impressed by the argument, we have held the case for many months in order to find time for a careful reading and study of the voluminous record, the many exhibits, and the applicable law. Having finished that task, we find ourselves in full agreement with the district court.

One explanation for the time that elapsed between trial and decision, to which the appellant gives no heed, appears from the district court's statement at the close of the evidence:

"From the date the transcript of testimony is filed we will give the plaintiff 30 days to file a brief and the defendant will have 30 days to reply and then the plaintiff will have 15 days to reply to that.

"Court is adjourned."

The court's opinion discloses that the evidence had received its careful and painstaking consideration, and that it had thoroughly researched the applicable law. We find no justification for appellant's complaint "of the disregard of the law and the evidence throughout the opinion." The judgment is

Affirmed.

* Of the Second Circuit, sitting by designation.