**KELLY GIRL SERVICE, INC.,** Plaintiff,

v.

**Reba ROBERTS** and **John Doe** d/b/a Kelly Placement Service and Kelly Permanent Service, Defendant.

**Civ. A. No. 15518.**

United States District Court
E. D. Louisiana,
New Orleans Division.

June 11, 1965.

Dyer, Meek, Ruegségger & Bullard, Willis C. Bullard, Detroit, Mich., Montgomery, Barnett, Brown & Read, Peter H. Beer, New Orleans, La., for plaintiff.

John M. Holahan, New Orleans, La., for defendant.

AINSWORTH, District Judge:

This action for a preliminary and permanent injunction was brought by Kelly Girl Service, Inc., a Delaware corporation, against Kelly Placement Service, an employment agency licensed and doing business under the laws of the State of Louisiana. Plaintiff has alleged that defendant is unlawfully and illegally using its name "Kelly" in connection with an employment service, in violation of its rights under its service mark which is registered by the United States Patent Office. The matter is before us on motion for a preliminary injunction.

Plaintiff operates a nationally known "temporary employment service." It has been doing business in Louisiana since 1956. Defendant is the owner and operator of a "permanent employment agency" which commenced business on January 18, 1965. On February 9, 1965, plaintiff wrote defendant to discontinue the use of the name "Kelly." Thereafter, on March 15, 1965, two registered letters were sent to defendant informing her that if she persisted in the use of the name "Kelly," plaintiff would be com-

pelled to take legal action. No response was made and this action was instituted on April 21, 1965.

Defendant has filed a motion to join Robert K. Paul, of New Orleans, local manager of Kelly Girl Service, Inc., as a necessary party plaintiff, which would thus destroy diversity jurisdiction. Ruling on this motion was reserved until after trial on the merits.

Mr. Paul has no pecuniary interest whatever by way of franchise, license, or otherwise. His association with plaintiff is purely one of contract. Thus, any loss or damage or injury resulting from defendant's activity would be entirely borne by Kelly Girl Service, Inc. Mr. Paul is therefore not a necessary party to this suit and accordingly defendant's motion is denied.

Plaintiff is the owner of the service mark of "Kelly Girl," which is recorded on the Principal Register of the United States Patent Office as of August 21, 1962. It advertises both nationally and locally, principally in Time, Newsweek, U. S. News and Business Week. Since 1960 it has expended approximately $2,-000,000 for national advertisements. In addition, it bears the bulk of the expenses for local advertisement and shares costs with the local agent as to other advertisements. On the other hand, defendant advertises only in two local newspapers, The Times Picayune and the Clarion Herald.

The defendant's name is not "Kelly." Her correct name is Reba Shatoska Roberts. She claims "Kelly" as a nickname.

This court is not unmindful of the harsh effects of its injunctive powers and will not exercise that power except on a clear showing of irreparable injury. However, we are aware of our duty to protect those who have rightly acquired a valid service mark, or those who are entitled to the exclusive use of a trade name, and to safeguard their right and interest against the unfair competition or infringement of others.

The fundamental purpose of the law in regard to trade or service marks is to prevent one person from passing off his goods or services as those of another. Its over-all objective is to promote fair play. The critical question in making such a determination is whether customers are, or may be, misled and whether the defendant is taking advantage of plaintiff's good will and business reputation. See Jean Patou, Inc. v. Jacqueline Cochran, Inc., S.D.N.Y., 1962, 201 F.Supp. 861, affirmed 2 Cir., 1963, 312 F.2d 125.

That the test to be applied in such cases is whether or not there is confusion is further substantiated by the Lanham Trade-Mark Act, 15 U.S.C.A. § 1114(1) (a), which states:

"(1) Any person who shall, without the consent of the registrant—

(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

\* \* \* \* \* \*

shall be liable in a civil action by the registrant for the remedies hereinafter provided."

The likelihood of confusion in the use of a trademark is a question of fact and is to be determined by us as we would any other factual issue. G. D. Searle & Co. v. Chas. Pfizer & Co., 7 Cir., 1956, 231 F.2d 316. The court in Searle also stated:

"To sustain an action for trademark infringement and unfair competition ' \* \* \* it is not necessary to show *actual cases* of *confusion* since the test under the statute, 15 U.S.C.A. 1114(1), is *likelihood* of such confusion.' " (Authorities cited.) (Emphasis added.)

The evidence shows the existence of confusion in the minds of the user of plaintiff's services. We recognize the distinction between a "temporary em-

ployment service" such as plaintiff's and a "permanent employment service" such as defendant provides; however, the general public will not be so discriminating. Furthermore, since defendant is the latecomer in this field she has the burden of selecting a trade name sufficiently distinctive from the registered service mark of plaintiff to prevent confusion in its use. Finn v. Cooper's Incorporated, 1961, 292 F.2d 555, 49 C.C.P.A. 1132; Lanham Trade-Mark Act, 15 U.S. C.A. § 1052(d). The burden is upon defendant to avoid confusion, mistake or deception and if doubt exists, it must be resolved against her as the latecomer. Finn v. Cooper's Incorporated, supra.

Furthermore, defendant's continued use of the name "Kelly" after receipt of notice from plaintiff that such use violated plaintiff's service mark "Kelly Girl" gives rise to a presumption of an intent to deceive. This was the position of the court in Max Factor & Co. v. Factor, S.D.Cal., 1963, 226 F.Supp. 120. Defendant has failed to overcome this presumption.

The present case is a stronger case, for the issuance of an injunction, than Max Factor where the defendant was enjoined from using his own name, whereas in this case the defendant is not really named "Kelly." Max Factor is also authority for the proposition that a personal name may acquire a secondary meaning.

As was said in Schwartz v. Television Center, 1951, 89 U.S.App.D.C. 30, 189 F.2d 691, quoting from Nims, Unfair Competition, § 37 (3 ed. 1936), " 'Secondary meaning is *association*, nothing more. It exists only in the minds of those of the public who have seen or known or have heard of a brand of goods by some name or sign and have associated the two in their minds.' "

Kelly Girl Service, Inc. has expended considerable sums of money to advertise its name to the general public. It has continuously and consistently used that name for many years, and has thus far enjoyed the exclusive use of that name.

The services rendered by plaintiff have become nationally known since plaintiff now has offices in 180 cities in 44 states and have thereby acquired a secondary meaning.

A brief survey conducted by plaintiff, while not conclusive, lends weight to the plaintiff's claim to a secondary meaning in the name "Kelly Girl." Out of 34 persons contacted, who would be in a position to utilize plaintiff's services, 25 were confused as to any distinction between "Kelly Girl Service" and "Kelly Placement Service."

When considered in light of the continuous use and extensive advertisements of plaintiff, as well as the confusion which exists between the two services, plaintiff has borne its burden of proving that the name "Kelly Girl" has acquired a secondary meaning. The general public undoubtedly associates the service rendered with that of the trade name "Kelly Girl."

Defendant strongly relies on the case of Allstate Insurance Co. v. Allstate Investment Corp., W.D.La., 1962, 210 F. Supp. 25, affirmed 5 Cir., 1964, 328 F.2d 608, wherein the court held that in the absence of competition there could be no confusion in the public mind.

However, Allstate is readily distinguishable from the present case. In Allstate the defendant was incorporated in July 1956 and utilized the name "Allstate" on its signs, advertisements and letterheads from its inception. Defendant was notified to cease and desist from using the word "Allstate" on December 17, 1959, which was more than *three years* after the alleged violation. Nothing was done until June 30, 1961, when another letter was sent to defendant and suit was not filed until 1962.

In the present case, defendant was notified in less than *one month* after starting to use the name "Kelly" to discontinue its use, and suit was filed approximately three months after defendant started her business. Here both plaintiff and defendant are engaged in the employment field whereas Allstate involved an insurance company and an

investment corporation which obviated the possibility of competition. Also, plaintiff and defendant are both located in the same office building where plaintiff has been so located since 1956. It is more than mere coincidence that defendant chose the employment field and the name "Kelly" and decided upon renting space in the same building for her place of business as plaintiff had been using for some time.

 We find that defendant, Kelly Placement Service, has infringed the trade name of plaintiff and is guilty of unfair competition by unlawfully receiving the benefits of plaintiff's well-established trade name and reputation. Therefore, it is the judgment of this court that a preliminary injunction shall issue forthwith enjoining defendant from operating her business under the name of Kelly Placement Service and that she shall forthwith cease and desist from using the name "Kelly" in her employment service. Plaintiff shall furnish $1,000 bond.

Decree accordingly.