**RINGLING BROS.–BARNUM & BAILEY COMBINED SHOWS, INC., Plaintiff,**

v.

**CHANDRIS AMERICA LINES, INC. and Albert Frank Guenther Law, Inc., Defendants.**

**No. 70 Civ. 4391.**

United States District Court,
S. D. New York.

Jan. 14, 1971.

Jacobi, Davidson, Lilling & Siegel, Washington, D. C., for plaintiff; James E. Siegel, of Lilling & Siegel, New York City, and Lewis Jacobs and Michael P. Bentzen, of Jacobs & Speiller, Washington, D. C., of counsel.

Netter, Lewy, Dowd, Fox, Ness & Stream, New York City, for defendants.

MANSFIELD, District Judge.

In this suit brought under the Lanham Act, 15 U.S.C. §§ 1051–1127, plaintiff Ringling Bros.-Barnum & Bailey Combined Shows, Inc. ("Ringling") claims that the defendants Chandris America Lines, Inc. ("Chandris") and Albert Frank Guenther Law, Inc. ("Albert Frank") have wilfully infringed, diluted and maliciously disparaged its trademark "The Greatest Show on Earth" ("the Mark"). Ringling seeks a permanent injunction, compensatory damages in an undetermined amount, and punitive damages in the amount of $10 million.

Ringling now moves pursuant to Rule 65(a), F.R.Civ.P., for a preliminary injunction restraining defendants from further alleged infringement pending the ultimate determination of its claims. Defendants oppose the motion for a preliminary injunction and move under Rule 12(b) (6), F.R.C.P., to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons stated below Ringling's motion is denied and defendants' motion is granted.

Ringling is a Delaware corporation whose major activity has been the operation of the renowned circus which is this year celebrating its 100th anniversary. It has employed the Mark in connection with its circus for many years and has obtained three federal trademark registrations pertaining to it—No. 724,946, dated December 5, 1961, for use of the words of the Mark to designate entertainment services in the nature of a circus; No. 724,947, dated the same date, for use of those words within the design of a globe to designate similar entertainment services; and No. 787,963, dated April 6, 1965, for use of those words to designate entertainment services in the nature of a television program. Ringling also conducts a licensing program whereby "the world-famous title and trademarks of RINGLING BROS. AND BARNUM & BAILEY * * * appear on a variety of intriguing products," [1]

for which Ringling receives license fees. As part of this program, and as protection of the Mark for its own use, Ringling's counsel is active in notifying alleged infringers and demanding cessation of the alleged infringement, public apologies, printed retractions, and the like.[2]

Chandris is a Delaware corporation in the business of offering wintertime vacation cruises in the Caribbean. Throughout the current cruise season, which runs from October 16, 1970, to April 30, 1971, Chandris offers 17 different cruises which range in duration from 3 to 14 days and in basic cost from $95 to $935 per person. Albert Frank is an advertising agency which was employed by Chandris to design the advertisement which gives rise to this lawsuit.

On June 21, 1970, Chandris published in the New York Times Magazine a full-page advertisement designed by Albert Frank consisting of a photograph of a female model dressed in the spangles and plumage of the night-club chorus line. Advertising copy was placed next to the model but over the colored background of the photograph. The headline of the advertisement, in moderately large black type, read, "The Greatest Show on Earth Isn't." Additional copy was printed in somewhat smaller type immediately beneath the headline,[3] and below that appeared the logo of Chandris, which consists of the words "Chandris

---

1. Ringling 100th Anniversary Program, page unnumbered.

2. For example, counsel for Ringling have enclosed in their papers a chart dated June 3, 1970, which lists in alphabetical order the recipients of "Greatest Show on Earth" infringement letters. The chart lists over 100 alleged infringements of the mark during the last two or three years. In most cases Ringling's counsel have been able to pressure the alleged infringer into desisting without having, as in the present case, the validity of its claim subjected to judicial determination.

3. "Take a great show out to sea and it becomes something else. Maybe it's the sea air, or Caribbean moon or just the congenial Amerikanis atmosphere or 'zestasia', but something special happens. Sing-

ers, dancers, comedians, every act is a show stopper. (No matter, you have all the time in the world to enjoy them.) But shows are just one reason the rhms Amerikanis is called the last word in luxury. You stay in a luxurious stateroom with twin beds, wall-to-wall carpeting, piped-in music, tapestried walls, TV, private bathrooms and telephone. You have space galore in cozy lounges designed for twice the number of passengers we'd dream of carrying. Haute cuisine, three orchestras, a discotheque, cinema, swimming pools, a sauna, air-conditioning, acres of deck plus some of the most exotic destinations anywhere put Chandris America cruises in a world of their own. Call your travel agent or Chandris America—before we're SRO. You'll see why Chandris America makes getting there very different."

America" separated by a stylized drawing of a steamship.

Ringling complained to Chandris of the alleged infringement almost immediately after the advertisement appeared.[4] Since then, the parties have made attempts to reach a settlement which we need not detail. This litigation was commenced when those attempts were unsuccessful.

■ Turning first to plaintiff's motion for preliminary injunctive relief, its papers fail to make any showing of impending irreparable harm or of harm for which money damages would be inadequate, since counsel for defendants have represented in their papers that the advertisement was originally intended to have only a single appearance and will not be republished. There is thus no hardship to either side in that the status quo will be maintained while the action is pending. In addition, we do not find that there has been a sufficient showing of a probability that plaintiff will succeed upon the merits. Cf. Clairol, Inc. v. Gillette Co., 389 F.2d 264, 265 (2d Cir. 1968); Societe Comptoir de L'Industrie Cotonniere Establissements Bossac v. Alexander's Department Stores, Inc., 299 F.2d 33, 35 (2d Cir. 1962). Plaintiff's motion must accordingly be denied for failure to meet the essential requirements for preliminary injunctive relief.

■ Turning to defendants' motion to dismiss for failure to state a claim, we must, of course, view the complaint in the light most favorable to the plaintiff, accepting as true all well pleaded allegations of fact.[5] With respect to matters outside the pleadings, we have advised the parties in accordance with Rule 12(b) that we proposed to treat the motion as one for summary judgment according to Rule 56 and gave them rea-

---

4. In a telegram dated June 23, 1970, counsel for Ringling notified Chandris of the alleged infringement in the following terms:

"We are general counsel to Ringling Bros.-Barnum & Bailey Combined Shows, Inc., owner and operator of the famous Ringling Bros.-Barnum & Bailey Circus which is known through the world as "The Greatest Show on Earth." That phrase has become the federally registered service mark of our client, see U.S. Reg. Nos. 724,946 and 724,947, and has been held to have acquired a distinct secondary meaning in the minds of the public. See Acme Circus Operating Co., 129 U.S.P.Q. 77.

"Your shocking full page advertisement in the New York Times Magazine on June 21, 1970 has just been brought to our attention. Not only does that ad infringe upon our client's service mark and dilute the value thereof and confuse the public it directly disparages our client's name and reputation.

" 'The Greatest Show on Earth' has described the Ringling Bros. and Barnum & Bailey Circus in countless advertisements, in television production and in a motion picture. Our client has spent literally millions of dollars in its advertising and in maintaining its good name and reputation by creating year after year the greatest possible show. As a result, 'The Greatest Show on Earth'

means Ringling Bros. and Barnum & Bailey to millions of people throughout North America and, indeed, the world. Recently, our client has entered into merchandising arrangements under which Ringling has licensed use of its name and service mark in connection with numerous products. This licensing is growing rapidly and is highly successful. Use of our client's mark by others, such as in this case, seriously threatens our client's licensing program.

"On behalf of Ringling Bros.-Barnum & Bailey we demand (1) that you immediately cease any and all use of the phrase 'The Greatest Show on Earth' or any other phrase confusingly similar thereto (2) that you agree to cause an apology, satisfactory to our client, to be printed on a full page ad in the New York Times Magazine, and (3) that you pay our client for damages sustained by reason of your said ad. Should we fail to get a satisfactory response from you on or before the close of business June 25, 1970, we are instructed to file suit immediately."

5. We ignore, for instance, any weakness of Ringling's mark based upon its being merely descriptive of plaintiff's activity rather than a fabricated or unique phrase which would be entirely without significance except in association with its owner, e. g., Kodak, Kiki, Poloroid, etc.

sonable opportunity to present additional matter, particularly with respect to the claim of likelihood of confusion. Upon the record we find that there is no genuine issue as to any material fact and that defendants are entitled to summary judgment as a matter of law.

Ringling first purports to assert a Lanham Act claim under 15 U.S.C. § 1114(1).[6] The parties are agreed that the test for determining the sufficiency of a claim for violation of this section is whether the questioned use is likely to cause confusion or mistake or to deceive the public as to the source of the goods or services in question. Although such effects may be more likely when both plaintiff and defendant are promoting the same product, cf. Chandon Champagne Corp. v. San Marino Wine Corp., 222 F.Supp. 396 (E.D.N.Y.1963), affd., 335 F.2d 531 (2d Cir. 1964) ("Perignon" champagne), confusion as to source is also possible where the parties are promoting rather different products, Triangle Publications, Inc. v. Rohrlich, 167 F.2d 969 (2d Cir. 1948) ("Seventeen" magazine and "Seventeen" girdles), as in the present case.

Ringling's claim under 15 U.S.C. § 1114(1) is that defendants' June 21, 1970 advertisement (the format and text of which are not in dispute), by using in large bold print the slogan "THE GREATEST SHOW ON EARTH ISN'T," together with a color photo offset of a bespangled and feathered chorus girl in a costume similar to that used by figures in a cavalcade or parade of stars in plaintiff's circus, is likely to cause confusion or mistake on the part of the average reader and lead him to conclude erroneously that plaintiff must have gone into the business of performing its circus at sea or of sponsoring defendants' cruises.[7] The simple and complete answer is found in defendants' use of the word "ISN'T" which dispels any such belief on the part of an average reader. The use of the negative destroys any rational basis for believing that defendants' cruise has any connection with plaintiff or its circus. Indeed, Ringling itself, as an alternative claim, alleges that the use of the word "ISN'T" constitutes a wrongful "disparagement" of plaintiff's business and good will, and defendants' slogan is described by

6. "§ 1114. *Remedies; infringement; innocent infringement by printers and publishers*

"(1) Any person who shall, without the consent of the registrant—

(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

(b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) of this section, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive."

7. "Plaintiff believes the average reader might very well have concluded that this Plaintiff had simply expanded its business to a performance of the circus on the ocean, presumably aboard some ship. That is what the Plaintiff believes the average reader might very well have concluded upon seeing the famous June 21, 1970 advertisement. 'You mean to tell me', he said to himself, 'that Ringling Bros.-Barnum & Bailey is now presenting The Greatest Show on Earth on the Ocean instead of on land?' Or, maybe he said to himself, 'you mean to tell me that Ringling Bros.-Barnum & Bailey now has a company that presents The Greatest Show on Earth on the Ocean, instead of on land?' That is where, Plaintiff contends, the confusion develops." (Plaintiff's Memorandum in Opposition to Defendants' Cross-Motion to Dismiss the Compl. and in Reply to Defs' Opp. to Plf's Motion for a Preliminary Injunction, p. 16)

plaintiff in its brief as "defamatory," "malicious," and "libelous." In our view no average reader could reasonably construe defendants' advertisement, which thus disclaims any connection with plaintiff, as indicating that defendants' cruises or it ship's activities were originated with or sponsored by plaintiff. Furthermore the more detailed text of defendants' advertisement, while not essential to our determination, only serves to buttress our conclusions.

We therefore find as a matter of law that on any hypothesis Chandris' use of Ringling's mark was not "likely to cause confusion, to cause mistake, or to deceive," so as to bring it within the proscription of § 1114(1). By addition of the word "ISN'T," Chandris created not only the eye-catching ambiguity which marks good advertising headlines,[8] but negated any reasonable likelihood that Chandris and its service would be confused with Ringling and its circus. Jean Patou, Inc. v. Jacqueline Cochran, Inc., 201 F.Supp. 861 (S.D.N.Y.1962), affd., 312 F.2d 125 (2d Cir. 1963); cf. Societie Comptoir de L'Industrie v. Alexander's Department Stores, 299 F.2d 33, 36 (2d Cir. 1962).

Ringling's complaint next purports to state a second Lanham Act claim under 15 U.S.C. § 1125(a).[9] Ringling bears no easier burden in making out a claim under this section, however, for although intentional falsification of the designation of origin is not required, there must be some showing that the public might be deceived, Parkway Baking Co. v. Freihofer Baking Co., 255 F.2d 641, 648 (3d Cir. 1958), a contingency which we reject as a matter of law for reasons set forth above.

Finally, Ringling urges in its briefs various claims under New York law—that Chandris has "palmed off" its product as that of Ringling, that it has wilfully and maliciously disparaged Ringling's business and good will, and that it has violated § 368-d of the New York General Business Law, McKinney's Consol.Laws, c. 20, an anti-dilution statute.[10] Since these allegations are based entirely upon the one advertisement, they are plainly insufficient. There is no possibility that an average reader of the advertisement would be confused as to the source of Chandris' cruises, which is an essential element, cf. Jean Patou, Inc. v. Jacqueline Cochran, Inc., 201 F.Supp. 861, 865–66 (S.D.N.Y.1962), affd., 312 F.2d 125 (2d Cir. 1963) ("Joy" perfumes and "Joy of Bathing" bath cosmetics). Assuming that the advertisement asserts Chandris' shows to be bet-

8. The ambiguity resulted from the unusual sentence structure, with the absence of a referent for "isn't" except the preceding words, i. e., the sentence could be construed to read, "The greatest show on earth isn't the greatest show on earth, ours is better." Alternatively, it could be construed to read, "The greatest (best) show on earth isn't on earth; it is at sea."

9. "§ 1125. *False designations of origin and false descriptions forbidden*
"(a) Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce, and any person who shall with knowledge of the falsity of such designation of origin or description or representation cause or procure the same to be transported or used in commerce or deliver the same to any carrier to be transported or used, shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation."

10. "Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark * * * shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services." (§ 368-d General Business Law).

ter than Ringling's, it is a legitimate trade comparison falling well within the limits of ordinary trade puffing and does not amount to actionable disparagement, Julie Research Laboratories, Inc. v. General Resistance, Inc., 25 App.Div.2d 634, 268 N.Y.S.2d 187 (1st Dept. 1966), affd., 19 N.Y.2d 906, 281 N.Y.S.2d 96, 227 N.E. 2d 892 (1967).

"The defendant's advertisements, amounting to no more than a claim in general terms of superiority of its product over the products of competitors, constitute mere 'puffing' and are not actionable. 'Mere general statements of comparison, declaring that the defendant's goods are the best on the market, or are better than the plaintiff's, are privileged so long as they contain no specific assertions of unfavorable facts reflecting upon the rival product. The feeling has been that the practice of sellers to make consciously exaggerated claims for their own goods is so well known that purchasers attach little or no importance to such assertions, and they usually can do no serious harm. They are sometimes said to be mere statements of opinion.' (Prosser Torts (3rd ed.), p. 949.) See, also, Union Car Advertising Co. v. Collier, 263 N.Y. 386, 398, 189 N.E. 463, 468; Lewyt Corporation v. Health-Mor, D.C., 84 F.Supp. 189, 194; Smith-Victor Corp. v. Sylvania Electric Products, Inc., D.C., 242 F.Supp. 302, 308."

We likewise see no merit in the contention that the advertisement violated the anti-dilution statute, cf. Sears, Roebuck & Co. v. Allstate Driving School, Inc., 301 F.Supp. 4, 19 (E.D.N.Y.1969).

In considering whether to dismiss for failure to state a claim, we must, of course, be chary of precluding a party from producing evidence or vindicating genuine wrongs, Kirke v. Texas Co., 186 F.2d 643 (7th Cir. 1951). However, the extreme liberality with which a complaint must be read, taking all the factual allegations as true for purposes of the motion to dismiss, does not mean that no case may be dismissed for failure to

state a claim, Rennie & Laughlin, Inc. v. Chrysler Corp., 242 F.2d 208 (9th Cir. 1957). In the present case, bearing in mind the cautiousness with which a motion for summary judgment must be approached, we nonetheless find that as a matter of law defendants' advertisement did not infringe plaintiff's framework or give rise to a cause of action under any of the other theories urged by plaintiff. Therefore, defendants' motion for summary judgment is granted.

It is so ordered.