ST. IVES LABORATORIES, INC., a
California Corporation, Plaintiff,

v.

NATURE'S OWN LABORATORIES,
Defendant.

Civ.A.No. 81–5875.

United States District Court,
C. D. California.

Dec. 29, 1981.

Meserve, Mumper & Hughes, L. Allan Songstad, Jr., Bruce A. Gothelf, Los Angeles, Cal., Rogers, Hoge & Hills, James B. Swire, William G. Pecau, New York City, for plaintiff.

R. Douglas Lyon, Lyon & Lyon, Los Angeles, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, Chief Judge.

The motion of Plaintiff for a Preliminary Injunction came on for hearing on December 14, 1981, before the Honorable A. Andrew Hauk, Judge Presiding. Evidence was introduced on behalf of all parties and the cause was argued and submitted for decision. The Court, having considered the evidence and heard the arguments of counsel and being fully advised, makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

The Court finds that:

1. Plaintiff, St. Ives Laboratories, Inc., ("St. Ives") is a California corporation with its principal place of business in Rolling Hills, California.

2. St. Ives is in the business of marketing, selling and distributing health and beauty aid products, including hair and skin care products under the house mark ST. IVES and the trademark SWISS FORMULA.

3. In late 1979, St. Ives introduced and began to sell jojoba shampoo and conditioner in an arbitrary and distinctive packaging and trade dress. A photograph showing the Plaintiff's jojoba shampoo and conditioner is attached to the Complaint herein as Exhibit "1".

4. Plaintiff's jojoba shampoo and conditioner are sold through drug stores, grocery stores and mass merchandisers. In these self service stores, the packaging and trade dress of a product is of great importance for its recognition and sale.

5. Plaintiff's jojoba shampoo and conditioner have been extensively promoted through newspapers and television advertising. This advertising has featured the packaging and trade dress of Plaintiff's jojoba shampoo and conditioner.

6. Plaintiff's jojoba shampoo and conditioner in their distinctive packaging and trade dress were first test marketed in the Northwest in 1979. Thereafter, in early 1980, sales of those products began in Los Angeles, California and continued to roll out across the United States. Since January of 1981, Plaintiff's jojoba shampoo and conditioner have been sold throughout the United States.

7. The sales of Plaintiff's jojoba shampoo and conditioner have dramatically increased. They have increased from $22,000 in 1979 to $1,000,000 in 1980 and to $5,000,000 in the first eight months of 1981.

8. Defendant, Nature's Own Laboratories, like Plaintiff, is in the business of selling and distributing health, beauty aid and toiletry products, including hair care products, and, like Plaintiff's products, Defendant's products are sold through drug stores, grocery stores and mass merchandisers.

9. Commencing in or about July 1980, Defendant began selling a jojoba shampoo and conditioner under the trademark NATURE'S GOLD BY DIMITRI in a packaging and trade dress which is dissimilar to the packaging and trade dress of Plaintiff's jojoba shampoo and conditioner. A photograph showing the packaging and trade dress of Defendant's jojoba shampoo and conditioner which it commenced to use in July 1980 is attached to the Complaint herein as Exhibit "2".

10. In the fall of 1981, after the considerable success of Plaintiff's jojoba shampoo and conditioner, Defendant radically changed the packaging and trade dress of its jojoba shampoo and conditioner and

adopted and began to use a new packaging and trade dress for its jojoba shampoo and conditioner. A photograph showing the current packaging and trade dress of Defendant's jojoba shampoo and conditioner is attached to the Complaint herein as Exhibit "3".

11. The current packaging and trade dress of each of Defendant's jojoba shampoo and conditioner products (Exhibit "3") closely imitates the principal design features of the packaging and trade dress of each of Plaintiff's jojoba products and the packaging and trade dress of the parties jojoba products give the same overall commercial impression.

12. Defendants have not given any reason for the radical change of the packaging and trade dress for its jojoba shampoo and conditioner from its old packaging and trade dress (Exhibit "2") to its current packaging and trade dress (Exhibit "3").

13. The current packaging and trade dress of Defendant's jojoba shampoo and conditioner (Exhibit "3") is so close to Plaintiff's in detail and overall impression that Defendant obviously copied the packaging and trade dress of Plaintiff's jojoba products to take advantage of the extensive goodwill and recognition of the packaging and trade dress of Plaintiff's jojoba shampoo and conditioner. Defendant has not denied that it deliberately copied the packaging and trade dress of Plaintiff's jojoba products.

14. Defendants claims that others have used for their shampoo and conditioner products packaging and trade dresses which are similar to the packaging and trade dress of Plaintiff's jojoba shampoo and conditioner. Plaintiff has shown that it has sought to protect the distinctive packaging and trade dress of its jojoba products and that it has brought another action to enjoin the infringement of the packaging and trade dress of its jojoba products, *St. Ives Laboratories, Inc. v. Continental Vitamin Company, Inc.*, No. CV81–4385 (C.D.Cal. filed August 25, 1981.)

15. The current packaging and trade dress of Defendant's jojoba shampoo and conditioner (Exhibit "3") so resembles the distinctive and arbitrary packaging and trade dress of Plaintiff's jojoba shampoo and conditioner (Exhibit "1") that, if Defendant's jojoba shampoo and conditioner are sold or offered for sale together or separately in their current packaging and trade dress, confusion and mistake among the trade and public is likely.

16. Plaintiff will be irreparably injured if Defendant continues to distribute and sell its jojoba shampoo and conditioner together or separately in its current packaging and trade dress as shown in Exhibit "3". Many of Plaintiff's customers are conditioned to selecting its jojoba shampoo and conditioner by their packaging and trade dress. If Defendant is permitted to continue to sell its jojoba shampoo and conditioner in its current packaging and trade dress (Exhibit "3"), Plaintiff's package and trade dress will no longer exclusively identify its products in the minds of the consuming public and the trade and Plaintiff will lose goodwill, control over its reputation, and sales.

17. Defendant will not be greatly injured if it is preliminarily enjoined from using its new and confusingly similar packaging and trade dress (Exhibit "3"). It could go back to using its former, non-infringing, packaging and trade dress (Exhibit "2").

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and the subject matter herein, 28 U.S.C. § 1331 and 15 U.S.C. § 1121.

2. The Plaintiff's trade dress is arbitrary and distinctive and is thus, protectable from imitation. The distinctiveness, "secondary meaning", of the Plaintiff's jojoba shampoo and conditioner is shown by extensive advertising of Plaintiff's jojoba shampoo and conditioner which has featured their packaging and trade dress and the tremendous sales of those products. *Clairol Inc. v. Cosway Co., Inc.*, 184 U.S.P.Q. 583, 586 (C.D.Cal.1974). Moreover, the Defendant's deliberate and close copying of the Plaintiff's trade dress, alone, is suffi-

cient to establish secondary meaning in the Plaintiff's trade dress. *Faberge, Inc. v. Saxony Products, Inc.*, 605 F.2d 426, 428 (9th Cir. 1979). "There is no logical reason for the precise copying save an attempt to realize upon a secondary meaning that is in existence." *Audio Fidelity, Inc. v. High Fidelity Recordings, Inc.*, 283 F.2d 551, 558 (9th Cir. 1960).

■ 3. The imitation of the distinctive packaging and trade dress of Plaintiff's jojoba shampoo and conditioner by Defendant is unlawful under both state and federal laws. It constitutes use of false designations of origin and false descriptions in violation of Section 43(a) of the United States Trademark Act of 1946, 15 U.S.C. § 1125(a). *Sutton Cosmetics (P.R.) Inc. v. Lander Co., Inc.*, 455 F.2d 285 (2d Cir. 1972); *Clairol Inc. v. Cosway Co., Inc.*, 184 U.S.P.Q. 583, 586 (C.D.Cal.1974). It also constitutes unfair competition in violation of § 17500 of the California Business and Profession Code and at common law. *Audio Fidelity Inc. v. High Fidelity Recordings, Inc.*, 283 F.2d 551, 554–555 (9th Cir. 1960).

■■ 4. Under both state and federal law, the Defendants are guilty of infringement if the packaging and trade dress of its jojoba shampoo and conditioner is so similar to the packaging and trade dress of Plaintiff's shampoo and conditioner that consumers are likely to be confused as to the source of the products. *Audio Fidelity, Inc. v. High Fidelity Recordings, Inc., supra*, 283 F.2d at 557. Since the test is likelihood of confusion, it is not necessary to prove actual confusion to succeed in showing infringement. *National Van Lines v. Dean*, 237 F.2d 688, 691 (9th Cir. 1956). The determination of likelihood of confusion in trade dress cases involves the overall impression given by the packaging and trade dress of the parties' products not by differences in detail between them. *Jean Patou, Inc. v. Jacqueline Cochran, Inc.*, 201 F.Supp. 861, 866 (S.D.N.Y.1962), *aff'd*, 312 F.2d 125 (2d Cir. 1963).

■ 5. The close imitation of the packaging and trade dress of both Plaintiff's jojoba shampoo and conditioner by Defendant is likely to cause confusion and mistake among the trade and the public. The overall impression given by the packaging and trade dress of the Defendant's jojoba shampoo and conditioner, separately and together, is the same as given by the packaging and trade dress of Plaintiff's respective products. Moreover, where, as here, the Defendant has deliberately chosen a packaging and trade dress nearly identical to Plaintiff's, likelihood of confusion is presumed. *Faberge, Inc. v. Saxony Products, Inc., supra*, 605 F.2d at 428. *Audio Fidelity, Inc. v. High Fidelity Recordings, Inc., supra*, 283 F.2d at 557.

■ 6. It is no excuse or defense for Defendant that other third parties may be guilty of wrongful infringement of the packaging and trade dress of Plaintiff's jojoba shampoo and conditioner. *National Lead Co. v. Wolfe*, 223 F.2d 195, 204 (9th Cir. 1955).

7. Plaintiff has no adequate remedy at law.

■ 8. Plaintiff is likely to be immediately and irreparably harmed if Defendant is not enjoined from distributing and selling its jojoba shampoo and conditioner, together or separately, in their current packaging and trade dress (Exhibit "3"). If Defendant is permitted to continue to use its similar packaging and trade dress for its jojoba shampoo and conditioner, the packaging and trade dress of Plaintiff's shampoo and conditioner will no longer exclusively identify Plaintiff's product in the minds of the consuming public and trade and the resulting loss of its goodwill and control over its reputation would constitute irreparable injury. *Citibank N.A. v. The City Bank of San Francisco*, 206 U.S.P.Q. 997, 1007 (N.D. Cal.1980); *R.C. Bigelow Inc. v. R. Twining & Co., Ltd.*, 181 U.S.P.Q. 805, 807, (S.D.N.Y. 1974); *Tefal, S.A. v. Products International Co.*, 529 F.2d 495, 497–498 (3d Cir. 1976).

9. Defendant will not be seriously injured if it is prohibited from distributing and selling jojoba shampoo and conditioner in its recently adopted packaging trade

dress. A balancing of the equities tips sharply in Plaintiff's favor.

10. Plaintiff is entitled to a preliminary injunction pending trial on the merits of the action against Defendant's use of the current packaging and trade dress for its jojoba shampoo or conditioner either separately or together (Exhibit "3"). Plaintiff has demonstrated a probability of success on the merits, the possibility of irreparable injury, raised serious questions and has shown that the balance of hardships is tipped sharply in its favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130 at 1134 (9th Cir. 1979).

LET PRELIMINARY INJUNCTION BE ENTERED ACCORDINGLY.

Nunc pro tunc as of Dec. 14, 1981.